WIGGINS and PHILLIPS *vs.* WALLACE.

A justice of the peace, on a trial before him, is the proper judge of the question whether a witness is competent to testify as an expert.   Yet if he misjudges, it is as much an error as if he misjudges on any other question.   It is not a question of *discretion,* so as to render the judgment of the justice conclusive.

After a witness has testified that he is a brick and tile maker, and that he has made tile two seasons and brick nineteen years, he should be held qualified to answer the questions, "What is the proper way to put the tile in the kiln for burning ?" and "What would be the effect of these tile lying flat-wise, instead of on end, upon the burn ?" other evidence having been given, showing the pertinency of these questions.

APPEAL by the defendant from a judgment of the Cayuga county court, affirming the judgment of a justice of the peace. The plaintiffs brought their action before the justice and com-

Wiggins *v.* Wallace.

plained for the violation of a written contract between the parties, by which, among other things, the plaintiffs agreed to manufacture tile on the premises of the defendant, and to make tile of all the various sizes and patterns used in draining land; said tile to be well and thoroughly burned, &c., for which the defendant agreed to pay for each and every thousand perfect tile, made and burned "as above," two dollars and fifty cents. For all imperfect tile the plaintiffs were to be paid; for all such as should sell for one-half as much as perfect tile, one dollar and twenty-five cents per thousand, and in the same proportion for all others. The contract contained the following clause: "All loss and damage occasioned by improper management, either in the manufacture or burning of said tile," &c. "and in consequence of carelessness, inattention or incapacity, is to be sustained by the party of the first part," (the plaintiffs.) The action was brought to recover pay for a quantity of tile manufactured by the plaintiffs under the contract. One question on the trial was whether the plaintiffs had exercised ordinary and proper skill and management in the manufacture and burning of the tile. Upon this question a number of witnesses were examined, the defendant contending that an undue proportion of the tile were imperfect, owing to the improper management, want of skill, attention and diligence of the plaintiffs in their manufacture and burning. The plaintiffs recovered a judgment before the justice for eighty-one dollars and twenty-six cents, besides costs, which was affirmed by the county court.

*David Wright*, for the appellant.

*James R. Cox*, for the respondents.

*By the Court*, WELLES, J. We think the justice erred in sustaining the objection by the plaintiffs to the following question put to the witness Alonzo Gillett, viz: "What is the proper way to put the tile in the kiln for burning?" The objection was on the ground that the witness had not shown himself to have sufficient experience to give an opinion on the subject.

---

Wiggins *v.* Wallace.

---

He had testified that he was a brick and tile maker; that he had been making tile two seasons, and brick nineteen years. It is said that the justice must be the judge whether the witness is competent to testify as an expert; so he must; and yet, if he misjudges, it is as much an error as if he misjudges on any other question. It was not a question of discretion for the justice, where his judgment is conclusive. We are clearly of the opinion that the witness in this case was qualified to answer the question put to him. The same witness was asked the following question, viz: " What would be the effect of these tile lying flat-wise, instead of on end, upon the burn?" The question was objected to upon the same grounds, and the objection was sustained by the justice. In this we also think he erred. Several other similar rulings in relation to questions put to other witnesses, were made by the justice, in most of which we think he erred. It should be stated that other evidence had been given touching the manner in which the tile had been placed in the kiln by the plaintiffs for burning, showing the pertinency of the above questions to the witnesses.

For these reasons the judgment of the county court, and that of the justice, should be reversed.

*Ordered accordingly.*

[MONROE GENERAL TERM, March 5, 1855.   *Johnson, Welles* and *T. R. Strong*, Justices.]