STATE v. MAYNES.

1. **Expert Witness:** EVIDENCE OF QUALIFICATION OF. Any evidence tending to show that a witness called as an expert possesses the requisite knowledge and skill to testify on the point in question, is admissible for what it is worth.

2. **Misconduct of District Attorney:** MOTION FOR NEW TRIAL: EVIDENCE CONFLICTING. Where a motion for a new trial, based upon the allegation that the district attorney had commented upon the fact that the defendant did not testify on his own behalf, was overruled, and the evidence as to the truth of the allegation was conflicting, the trial court must be presumed to have passed upon the question of fact, and to have found that the allegation was untrue; and, under such circumstances, such finding cannot be set aside by this court.

*Appeal from Montgomery District Court.*

WEDNESDAY, JUNE 6.

THE defendant was indicted for an assault with an intent to commit great bodily injury. He was convicted of assault and battery, and now appeals to this court.

*W. S. Strawn,* for appellant.

*S. McPherson, Attorney-general,* for the State.

ADAMS, J.—I.   The first question presented arises upon the introduction of evidence.   The state sought to prove the extent of the injury sustained by the prosecuting witness. One Williams had testified before the grand jury that he examined the prosecuting witness and found some swelling on the cheek, and found the sixth or seventh rib fractured. At the trial Williams was not present, but, by consent of the defendant, the minutes of his testimony before the grand jury were read in evidence as having the same effect that his testimony in the same words would, if given by him as a witness upon the trial.   The minutes read showed the injury as above stated, but did not show that Williams was a physician or surgeon, and did not show that he made the examination professionally.   The state, for the purpose of so showing, recalled the prosecuting witness, one Pritchard, who was allowed to testify against the defendant's objection that Williams was a physician, and made the examination professionally.   The defendant contends that in admitting this testimony the court erred.   The objection urged to the testimony is not that Pritchard's statement that Williams was a physician had no tendency to prove that he possessed the requisite knowledge and skill to detect a fracture in a rib, but that the testimony was inadmissible as a rule of evidence.   He contends that no evidence of the qualifications of a person to testify as an expert is admissible until the expert himself has been introduced as a witness upon the stand, and an opportunity given for cross-examination.   But our attention has been called to no case which holds such rule; and we think that none can be found.   Any evidence tending to show that the witness called as an expert possesses the requisite knowledge and skill is, we think, admissible for what it is worth.

II.   The defendant moved for a new trial on the ground of

misconduct of the attorney for the state. The alleged misconduct is said to consist in referring to the fact that the defendant did not testify. The language alleged to have been used by the attorney is said to have been as follows: "The old gentleman (the prosecutor) came up and told this affair just as it occurred, and the defendant, Mac Maynes, did not dare to testify to the contrary, although here present." This statement, if made, would certainly, under the statute, be sufficient to entitle the defendant to a new trial. But the evidence as to whether it was made or not is conflicting. A question of fact was presented for the trial court to pass upon. It must have found that the statement was not made. The evidence being conflicting, we should not be justified, we think, in disregarding or setting aside the finding. We see no error, and the judgment of the district court must be

AFFIRMED.

61    121
110   150.

61    121
115   677

61    121
d130  340

61    121
132   279