The City of Fort Wayne v. Coombs et al.

No. 9889.

THE CITY OF FORT WAYNE v. COOMBS ET AL.

| 107 | 75 |
| 132 | 175 |
| 107 | 75 |
| 139 | 146 |
| 107 | 75 |
| 145 | 320 |
| 107 | 75 |
| 157 | 528 |
| 107 | 75 |
| 158 | 241 |
| 158 | 242 |
| 107 | 75 |
| 161 | 216 |
| 107 | 75 |
| 163 | 212 |
| 107 | 75 |
| 164 | 576 |
| 107 | 75 |
| 165 | 131 |

MUNICIPAL CORPORATION.—*Defective Sewers.*—*Contributory Negligence.*—*Case Disapproved.*—In actions against municipal corporations for injuries resulting from the negligent construction or maintenance of sewers, the plaintiff must show that he was free from contributory negligence. *Roll v. City of Indianapolis,* 52 Ind. 547, disapproved.

SAME.—*Use of Ordinary Care and Skill.*—*Notice of Defects.*—*Pleading.*—Where a municipal corporation constructs a sewer, it is bound to use ordinary care and skill, and it is not necessary that it should be averred in a complaint for injuries resulting from the defective construction thereof, that the corporate authorities had notice of defects caused by want of skill or care in doing the work.

SAME.—*Corporate Authorities Must Keep Sewer in Repair.*—*Implied Notice of Defect.*—Notwithstanding the fact that a sewer may have been constructed with care and skill, a municipal corporation is liable for injuries caused by a negligent failure to keep it in repair; and where it is suffered to remain out of repair for such length of time as that it was the duty of the corporate authorities to take notice of its condition, the law will charge the corporate officers with notice.

SAME.—*General Authority to Construct Sewers.*—The authority to construct sewers is general, and resides in all municipal corporations unless expressly denied them by the Legislature.

SAME.—*Use of Private Property.*—*Liability for Negligence in Constructing and Maintaining Sewer.*—Where a municipal corporation makes use of private property for the purpose of constructing a sewer, and in order to obtain the privilege of using the property submits to the demand of the owner to construct the sewer according to plans and specifications prepared by him, it is liable for negligence in the construction and maintenance of such sewer.

SAME.—*Outlet for Sewer.*—The outlet is a necessary part of a sewer, and whenever a municipal corporation, by its system of sewerage, renders an outlet necessary, it must provide one, and it must be constructed with ordinary care and skill.

SAME.—*Liability to Citizen who Taps Sewer, for Negligent Construction or Maintenance Thereof.*—A municipal corporation is liable to one who, for his private benefit, connects his premises with a sewer constructed by such corporation, for injuries resulting from the negligent construction or maintenance thereof.

WITNESS.—*Expert Testimony, Competency of.*—*Practice.*—It is for the trial court to determine whether or not a witness is qualified to testify as an expert, and the question of his competency is so exclusively for the court that its action will not be reviewed, except where there is no evi-

dence tending to prove the qualification of the witness, or there is a palpable abuse of discretion.

SAME.—*Preliminary Cross-Examination of Expert.*—If the evidence satisfies the trial court of the qualification of the witness, it is not bound to permit a preliminary cross-examination on the question of competency, though it has a right to do so, which right should be liberally exercised.

SAME.—*Qualification of Expert.*—The study of a profession or business, without practical experience, will qualify a witness as an expert.

EVIDENCE.—*Negligence.*—In an action against a city to recover for injuries caused by a defective sewer, constructed by the corporate authorities, evidence of a break in the sewer about 100 feet distant from the point where the break occurred which caused the injury for which recovery was sought, was competent for the purpose of charging the city with knowledge, as well as for the purpose of showing the defective character of the work and materials employed, and that by reason of time and use the sewer had got out of repair.

SAME.—In such case it is not error to permit the plaintiff to give in evidence the ordinance, advertisements, bids and contracts relating to the building of the sewer, as tending to show that the same was constructed by the city.

SAME.—*Validity of Ordinance Providing for Construction of Sewer.*—In such case it is not necessary for the plaintiff to prove that the ordinance directing the construction of the sewer was regularly adopted. It is enough to show that the city had assumed to adopt it, and under it had constructed the sewer.

From the Allen Superior Court.

*H. Colerick,* for appellant.

*W. H. Coombs, J. Morris* and *R. C. Bell,* for appellee.

ELLIOTT, J.—There are two paragraphs in the appellees' complaint, both seeking a recovery for injuries caused by a defective sewer. The difference in the paragraphs is that one alleges negligence in constructing the sewer, and the other alleges negligence in maintaining it. We shall not notice all of the objections to the complaint discussed by counsel, for we find upon an examination of the record that many of them are based upon a mistake as to its allegations.

We concur with counsel that where negligence is the issue the plaintiff must show that he was free from contributory fault, and that this is so whether the action is for injuries to per-

son or property. The decision in *Roll* v. *City of Indianapolis*, 52 Ind. 547, on this point, is in conflict with the rule which has long prevailed in this court, and it can not be regarded as well decided. While it has not been in terms overruled upon this point, it has been by decisions which broadly and explicitly deny the doctrine which it asserts. *Lyons* v. *Terre Haute, etc., R. R. Co.,* 101 Ind. 419; *Wabash, etc., R. W. Co.* v. *Nice,* 99 Ind. 152; *Stevens* v. *Lafayette, etc., G. R. Co.,* 99 Ind. 392; *Cincinnati, etc., R. W. Co.* v. *Hiltzhauer,* 99 Ind. 486, see p. 490; *Wabash, etc., R. W. Co.* v. *Johnson,* 96 Ind. 40; *Louisville, etc., R. W. Co.* v. *Lockridge,* 93 Ind. 191, and cases cited, p. 192; *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322.

To the cases we have cited many might be added, but it is not thought necessary, as the principle which they assert is a familiar one, and is decisively against the doctrine of *Roll* v. *City of Indianapolis, supra,* for the sole foundation of such an action as this is the negligence of the municipal corporation, and the case is a pure type of actions for the redress of injuries resulting from negligence. The principle so long and so firmly established inexorably demands the conclusion that in actions against municipal corporations for injuries resulting from the negligent construction or maintenance of sewers, the plaintiff must show that he was free from contributory negligence.

We can not assent to counsel's assumption that the complaint does not aver that the plaintiffs were free from contributory fault. It is the rule in this State that a general allegation upon this subject is sufficient, and there is here such an allegation so framed as to cover all the acts, injuries and losses described in the complaint. We can find nothing in the complaint which is inconsistent with the general averment that there was no contributory negligence.

Where a municipal corporation constructs a sewer, it is bound to use ordinary care and skill, and it is not necessary that it should be averred that the corporate authorities had

notice of defects caused by want of care and skill in doing the work. The doctrine that it must be shown that the corporation had notice of defects does not apply to defects in the work of constructing a sewer where the work is done by the corporation itself. Where a city undertakes to construct a sewer, and does it negligently, it is liable for injuries resulting from such negligence, without proof that it had notice of the defects. 2 Dillon Munic. Corp. (3d ed.), section 1024.

Where a sewer is constructed with care and skill, a municipal corporation is liable for injuries for negligently failing to keep it in repair, and where it is suffered to remain out of repair for such a length of time as that it was the duty of the corporate authorities to take notice of its condition, the law will charge the corporate officers with notice. In this case the complaint alleges that the sewer was suffered to remain out of repair for two years prior to the injury done to the plaintiffs' property, and there can be no doubt that this was sufficient to charge the corporation with notice. There are many cases holding that notice will be implied where a sewer or a street is suffered to remain in a defective condition for a much shorter period of time. *City of Madison* v. *Baker,* 103 Ind. 41 ; 2 Dillon Munic. Corp. (3d ed.), section 1025.

It is alleged in the fourth and fifth paragraphs of the appellant's answer that it had no authority to construct a sewer under the Wabash and Erie Canal without the permission of, and in the manner prescribed by, the officers of the canal company ; that it was necessary to provide an outlet for the sewer to cross under the canal ; that the appellant did secure permission to carry the sewer under the canal, and did construct it according to plans and specifications prepared by the canal company's engineer. To these answers the appellees replied that at the time of the construction of the sewer in Clinton street, that street was, and had been for more than twenty years, a public street, and that it crossed the canal at right angles ; that the sewer was constructed on the line of the street to the canal ; that the city, at the time of the construction of

the sewer on Clinton street, had constructed other sewers, and in order to provide an outlet for these sewers it was necessary to cross the canal. The court overruled a demurrer to the reply.

The right of the public in the street was not lost by the occupancy of the land by the canal company; on the contrary, the right of the public to make use of the street in any lawful manner that did not injure the canal company or impair its rights remained in the public. *City of Logansport* v. *Shirk*, 88 Ind. 563; *Shirk* v. *Board, etc.*, 106 Ind. 573.

We suppose it can not be doubted that the city might have built a bridge over the canal provided there was no interference with the company's rights, and if it could do this, surely it might construct a sewer beneath the channel of the canal. We can not yield to a doctrine that would lead to a denial of the right of the public to enjoy and use its highways, where such use and enjoyment would work no injury to the canal company. While we recognize the doctrine of the decisions following *Water-Works Company* v. *Burkhart*, 41 Ind. 364, we do not regard them as going to the extent of holding that the public lost its right to use and enjoy its highways in a lawful manner, although we do regard them as holding that neither the public nor a citizen can do any act that will interfere with the use of the canal property for canal purposes. We should, therefore, have no hesitation in upholding the reply on the ground assumed by appellee, that the public had not lost its rights if it affirmatively appeared that the highway existed before the canal was constructed; but, as this does not appear, a further discussion is necessary.

It is alleged that a highway called Clinton street crossed the canal, and that it had been in use for more than twenty years. This establishes the important fact that there was a lawfully existing highway, since user for twenty years vests an indefeasible right in the public. *Strong* v. *Makeever*, 102 Ind. 578. As the city had exclusive authority over the highway, it had an undoubted right to use it for any purpose for

which a highway might lawfully be used, and it is well settled that the use of highways for sewerage purposes is a lawful one.    *Cummins* v. *City of Seymour*, 79 Ind. 491, see p. 498 (41 Am. R. 618); 2 Dillon Munic. Corp., sections 656, 688; Angell Highways, section 216.    The appellant, therefore, had authority to construct this sewer, and it can not escape liability to one who has suffered an injury from its negligence on the ground that it yielded its rights to the groundless demand of the canal company.

The authority to construct sewers is a general one, and resides in all municipal corporations unless expressly denied to them by the Legislature.    *Leeds* v. *City of Richmond*, 102 Ind. 372.    This authority is one which may be rightfully exercised upon any of the highways of the municipalities of the State, for they are invested with exclusive authority over all streets and highways within their limits.    It was, therefore, within the power of the city of Fort Wayne to have built the sewer in its own way, provided, of course, no injury was done the canal company.    The servitude in the streets of a city is much more extensive than in rural highways, and includes the right to dig sewers, lay pipes, and the like.    As there was a lawfully existing highway, the city had all the rights which the urban servitude conferred, and among them was the right to construct and maintain the sewer described in the pleadings.    Where a municipal corporation has it in its power, by the exercise of ordinary care and diligence, to secure its rights and protect property-owners from an injury that will probably result from the construction of a sewer, it will be liable if the failure to do its duty results from a wrongful surrender of its authority.    *City of Logansport* v. *Dick*, 70 Ind. 65 (36 Am. R. 166).

Another question is discussed by counsel on both sides in their argument, on the ruling upon the demurrer to the reply, and as the question is elsewhere presented in the record, rendering a decision necessary, we give it attention here, although what we have said establishes the sufficiency of the reply.

The question to which we here refer may be thus stated : Is a municipal corporation, which makes use of private property for the purpose of constructing a sewer, and in order to obtain the privilege of using the property submits to the demand of the owner to construct the sewer according to plans and specifications prepared by him, liable for negligence in constructing or maintaining the sewer? A very careful study of the authorities has convinced us that the question must receive an affirmative answer.

It is the law that if a municipal corporation, by its system of constructing sewers, renders an outlet necessary, it must provide one. *City of Evansville* v. *Decker,* 84 Ind. 325 (43 Am. R. 86); *City of Crawfordsville* v. *Bond,* 96 Ind. 236; *VanPelt* v. *City of Davenport,* 42 Iowa, 308; *Byrnes* v. *Cohoes,* 67 N. Y. 204.

The outlet is, therefore, a necessary part of the sewer, and if the municipal corporation enters upon the work of constructing a sewer it assumes control over the entire work, and must construct and maintain it with ordinary care and skill. This obligation extends to the entire sewer, not merely to such parts of it as are on property owned by the corporation, and it can not escape the consequences resulting from negligence by asserting that part of the sewer was constructed on private property. A municipal corporation is not bound to construct a sewer, except where its own act makes one necessary ; but if it does undertake to do so, it must exercise proper care and skill in constructing and maintaining it, no matter where it may be located. *Cummins* v. *City of Seymour, supra.* As the general duty of using ordinary care and skill rests upon the municipality, it must construct and maintain its sewers where it can exercise that care and skill, and if it locates them on property where it can not control them the fault is its own, and it can not escape liability to one who has suffered injury from its negligence, because it has located a sewer where it can not control its construction or mainte-

nance. To permit this to be done would put it in the power
of the municipality to evade liability arising from a breach
of duty by locating a sewer where it could not exercise super-
vision over it. The only conclusion that can be maintained
on principle or authority is, that the corporation is liable for
negligence, no matter where it locates the sewer. It is a
familiar principle that a municipal corporation may, by adop-
tion, make itself liable for a negligent use of the property thus.
acquired. This principle was asserted by this court in *City of
Indianapolis* v. *Lawyer*, 38 Ind. 348, and *City of Indianapolis*
v. *Tute*, 39 Ind. 282, and is well supported by the authorities.
In the recent case of *Kranz* v. *City of Baltimore*, 2 Atlantic
R. 908, this doctrine was applied to a case similar to the
present, and it was said: "This right of acquisition by adop-
tion and dedication, and the consequent responsibility on the
part of a municipal corporation or the public, is sustained by
many well considered cases where the question has arisen."
The cases of *Yates* v. *Judd*, 18 Wis. 126, *Houfe* v. *Town of
Fulton*, 34 Wis. 608, and *Emery* v. *City of Lowell*, 104 Mass.
13, assert a like doctrine.

In *Lowrey* v. *City of Delphi*, 55 Ind. 250, it is held that
a city was responsible for negligence in maintaining a bridge
across the Wabash and Erie Canal, and the principle on which
that decision rests is the same as the one which rules here. In
*City of Aurora* v. *Colshire*, 55 Ind. 484, the rule is stated in
strong terms, for it was there said: "We could not perceive
how the fact that the wrong complained of was caused on the
premises of another could excuse the city. The city had
adopted the space and used it as a street. If the whole street
had been established over private property, without au-
thority, and used by the city, it would not have afforded
the least justification, excuse, or even palliation of the wrong
of which the appellee complained.   *   *   It was sufficient
that the city adopted the private wall as a part of the street,—
whether rightfully or wrongfully,—to make it liable." A.
like doctrine was declared in *Sewell* v. *City of Cohoes*, 75 N.

Y. 45, and this doctrine was approved in *Veeder* v. *Little Falls,* 100 N. Y. 343.

It may be said here, as in the case from which we have quoted, that the city adopted the place beneath the canal as part of its sewer, and this is enough to make it responsible for negligence in constructing or maintaining that part of the sewer. The part under the canal was as much part of the sewer as any other, and over that the city is charged with exercising ordinary care and skill.

Still another question is presented by the record and argued by counsel, which may as well be disposed of here as elsewhere, although it is more directly presented by the evidence, the instructions and the answers to interrogatories. That question is this: Is the municipal corporation liable to one who, for his private benefit, connects his premises with a sewer constructed by the corporation, for injuries resulting from the negligent construction or maintenance of the sewer? We find that the authorities settle this question against the corporation, for it is held, without diversity of opinion, that the municipality is liable in such cases. *Semple* v. *City of Vicksburg,* 62 Miss. 63 (52 Am. R. 181); *Child* v. *City of Boston,* 4 Allen, 41; *Barton* v. *City of Syracuse,* 36 N. Y. 54.

The property-owners along the line of a sewer are assessed for the cost of its construction, and it is but reasonable that they should enjoy a special benefit. Indeed, the whole theory of special assessments rests on the principle that the special benefits are a compensation for the special burdens. It is but bare justice that the property-owners who have a special burden laid upon them should reap a special benefit. But another principle requires it to be affirmed that the city should be held responsible to those who tap its sewers by its invitation, for, by such an invitation, the city impliedly undertakes that it will not be guilty of negligence in maintaining the sewer. Yet another principle sustains this doctrine, and that is, that the health and comfort of the citizens require that sewers should be so maintained as that private property may

be drained. It is true that the necessity is greater in large cities than in small, and the larger the city the plainer the principle seems; but, whether the city be large or small, if a sewer is constructed and owners of adjoining property are invited to tap it, the city impliedly declares the necessity for its existence, and announces its purpose to do its duty by using ordinary care and skill in constructing and maintaining the sewer.

The decision in *Roll* v. *City of Indianapolis, supra*, does not conflict with the views here expressed, for in that case there was an agreement that the city should be absolved from all liability, and it was on this agreement that the decision was grounded. That decision has not escaped criticism on the point here under immediate mention, and its soundness on other points has been denied. It is, indeed, doubtful whether a municipal corporation can stipulate for immunity from the consequences of a breach of duty; but, however this may be, it is quite clear that where there is, as here, no such stipulation, it can not escape the consequences of its negligence on the ground that the adjoining property-owners, acting on its invitation, tapped the sewer. *City of Logansport* v. *Dick, supra, vide* p. 81.

A witness was introduced by the appellees, and testified to facts showing that he was qualified to testify as an expert. The appellant asserted a right to examine him as to his qualifications before the appellees proceeded with their examination, but the court denied the request. It is for the court to determine whether the witness is or is not qualified to testify as an expert, and the question as to his competency is exclusively for the court. *Forgey* v. *First Nat'l Bank*, 66 Ind. 123; *McEwen* v. *Bigelow*, 40 Mich. 215; *Dole* v. *Johnson*, 50 N. H. 452; *Castner* v. *Sliker*, 33 N. J. L. 96; *Jones* v. *Tucker*, 41 N. H. 546; *Flynt* v. *Bodenhamer*, 80 N. C. 205; *Perkins* v. *Stickney*, 132 Mass. 217; *Wright* v. *Williams*, 47 Vt. 222; *Howard* v. *City of Providence*, 6 R. I. 514; *Bemis* v. *Central Vt. R. R. Co.*, 3 Atlantic R. 531; 1 Greenl. Ev. (14 ed.), sec-

tion 440, n.; Rogers Expert Testi. 23; Lawson Opinion Ev. 238.

Some of the cases go very far upon this point, for some of them hold that the decision of the trial court is conclusive, but we think the cases which hold that where there is no evidence at all tending to prove that the witness is qualified to testify as an expert, or where there is a palpable abuse of discretion, the ruling of the trial court is subject to review, are supported by the better reason. *Southern Life Ins. Co.* v. *Wilkinson*, 53 Ga. 535; *Wiggins* v. *Wallace*, 19 Barb. 338. But, whatever may be the true rule upon this point, it is quite clear that the court must decide the question of the qualification of the witness, and when it is made to appear *prima facie* that the witness possesses the requisite qualification the court may admit the testimony, and is not bound to allow a preliminary cross-examination. This was so expressly decided in *Sarle* v. *Arnold*, 7 R. I. 582. It is indeed difficult to perceive how any other conclusion could be reached when once it is granted that the court need only be satisfied that, *prima facie*, the witness is competent. Rogers Expert Testi. 50. No exact standard by which to determine the competency of the witness exists, and much is necessarily left to the discretion of the trial court. *Forgey* v. *First Nat'l Bank*, *supra*; *Colee* v. *State*, 75 Ind. 511; *Sage* v. *State*, 91 Ind. 141; *Goodwin* v. *State*, 96 Ind. 550, see p. 558; *State* v. *Maynes*, 61 Iowa, 119; *McEwen* v. *Bigelow*, *supra*; Rogers Expert Testi. 27.

If the evidence satisfies the court of the qualification of the witness, it is not bound to permit a preliminary cross-examination, though it would, no doubt, have a right to do so, and in our judgment this right is one that should be very liberally exercised. But the question which we are compelled to decide is, whether the court is bound to check the examination of the witness and allow a preliminary cross-examination, and on that question the law is with the appellees. A text-writer says : " When a witness has been adjudged com-

potent upon the preliminary examination, opposing proof going to his incompetency is to be addressed to the jury to affect the value of his testimony, and not to the court for the purpose of excluding his testimony." Rogers Expert Testi. 50. In our own case of *Davis* v. *State*, 35 Ind. 496 (9 Am. R. 760), it was said of a witness, that, "Whether he is competent to testify at all as an expert, is a question for the court. But after he has been allowed to testify, the weight of his evidence is a question for the jury." It is generally held by the courts, and uniformly by ours, that the regular cross-examination may fully go into the question of the competency of the witness, and if it appear that he is not a qualified expert witness, his testimony will be weakened or entirely destroyed. *Davis* v. *State, supra; Goodwin* v. *State, supra; Louisville, etc., R. W. Co.* v. *Falvey*, 104 Ind. 409. The right to a full cross-examination is thus secured, and if it turns out that the witness is not qualified the jury may be told that his opinion is of no weight; but, without such a direction, it must be presumed—as jurors are to be treated as men of fair intelligence—that the opinion of one not qualified should not be given any weight by them. *Louisville, etc., R. W. Co.* v. *Falvey, supra; Washington* v. *Cole*, 6 Ala. 212. This plenary right of cross-examination affords full opportunity to discover the extent of the qualifications of the witness, and prevents material harm to the party against whom he testifies.

The statements of the witness Ludlum, both in his examination in chief and in his cross-examination, showed that he was competent to give an opinion. He stated that he had experience in constructing work of a character similar to the appellant's sewer, and that his experience was such as enabled him to judge of the liability of timbers placed under ground to decay. This was sufficient at least to carry his testimony to the jury. *House* v. *Fort*, 4 Blackf. 293; *City of Indianapolis* v. *Scott*, 72 Ind. 196; *Ferguson* v. *Davis Co.*, 57 Iowa, 601; *Central R. R. Co.* v. *Mitchell*, 63 Ga. 173; *Hand*

v. *Brookline*, 126 Mass. 324; *Nelson* v. *Wood*, 62 Ala. 175; *Sheldon* v. *Booth*, 50 Iowa, 209.

It is the doctrine of the authorities that study of a business without practical experience will qualify a witness as an expert. *Howard* v. *Great Western, etc., Co.*, 109 Mass. 384; *Swett* v. *Shumway*, 102 Mass. 365. It is also held that where a witness has studied an art or science he may be deemed an expert in a kindred art or science. *Barnes* v. *Ingalls*, 39 Ala. 193. In this instance, the witness testified that he was a civil engineer, and had knowledge of the construction of sewers, and of the materials of which they were constructed, but his testimony did not stop with this statement, for he also testified that he had a practical knowledge of sewers and culverts. There can be no doubt, therefore, that he was qualified to testify as an expert. It appears from the record that the appellant was allowed the full benefit of cross-examination, and that the cross-examination clearly developed the competency of the witness, so that if it were conceded that the court erred in denying it the privilege of a preliminary cross-examination no harm resulted, and, as is well known, a harmless error will not reverse a judgment.

The trial court permitted the appellees to prove that there was a break in the sewer about one hundred feet distant from the point where the break occurred which caused the injury for which a recovery is sought. This evidence was competent in connection with the other testimony in the case, for the purpose of charging the city with knowledge, as well as for the purpose of showing that the materials used were defective, or the work of construction was not well done, and, also, for the purpose of showing that the sewer had by reason of time and use got out of repair. *Cleveland, etc., R. R. Co.* v. *Newell*, 104 Ind. 264; *Nave* v. *Flack*, 90 Ind. 205, see p. 214 (46 Am. R. 205); *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98); *District of Columbia* v. *Armes*, 107 U. S. 519, see p. 525; *Darling* v. *Westmoreland*, 52 N. H. 401; *Hill* v. *Portland, etc., R. R. Co.*, 55 Maine, 438; *City of Chi-*

cago v. *Powers,* 42 Ill. 169 ; *Quinlan* v. *City of Utica,* 74 N. Y. 603 ; *Kent* v. *Lincoln,* 32 Vt. 591 ; *City of Augusta* v. *Hafers,* 61 Ga. 48 ; *Lanning* v. *Chicago, etc., R. R. Co.,* 27 N. W. R. 478.

There was no error in permitting the appellees to give in evidence the ordinance, advertisements, bids and contracts relating to the building of the sewer, for these instruments of evidence tended to prove that the sewer was constructed by the city.

It is not necessary in such a case as this for the plaintiff to prove that the ordinance directing the construction of the sewer was regularly adopted. It was enough to prove that the city had assumed to adopt the ordinance, and that, acting under it, the corporate authorities had constructed the sewer. It is quite clear that if the sewer was owned by the city, and was so negligently constructed or maintained as to cause injury to property, an irregularity in adopting the ordinance, or in any other part of the proceedings, would not relieve the city from liability. The controlling question in such cases as this is, not whether the city authorities have proceeded regularly, but whether they have assumed to exercise the general authority to construct sewers conferred upon the municipality, and have negligently built or maintained its sewers.

A municipal corporation is not an insurer of the condition of its sewers, but it is bound to use ordinary care and skill in constructing and maintaining them, and for a failure to exercise such care and skill is responsible to a citizen who suffers loss from such negligence. This care and skill require the municipal corporation to take notice of the liability of timbers to decay from time and use, and to take such measures as ordinary care and skill dictate to guard against a sewer becoming unsafe because of the decay of timbers used in its construction. *City of Indianapolis* v. *Scott,* 72 Ind. 196 ; *Board, etc.,* v. *Legg,* 93 Ind. 523 (47 Am. R. 390) ; *Board, etc.,* v. *Bacon,* 96 Ind. 31 ; *Indiana Car Company* v. *Parker,*

100 Ind. 181, see p. 193; *Rapho* v. *Moore,* 68 Pa. St. 404; *Norristown* v. *Moyer,* 67 Pa. St. 355; *Todd* v. *Troy,* 61 N. Y. 506.

What we have said disposes of all the questions in the case, and we deem it unnecessary to notice the rulings on the instructions in detail. It is sufficient to say that those given express the law as we have here stated it, and that those refused are founded on an erroneous theory.

Judgment affirmed.

ZOLLARS, J., did not take any part in the decision of this case.

