CENTRAL INDIANA COAL COMPANY, INC.
v. BEDWELL ET AL.

[No. 16,851. Filed May 26, 1942.]

*Clark & Brooks,* of Bedford, and *Hays & Hays,* of Sullivan, for appellant.

*Daniel W. McIntosh,* of Linton, *J. Clyde Crane,* of Bloomfield, and *Regester & Regester,* of Bloomington, for appellees.

STEVENSON, P. J.—The appellees brought this action against the appellant to recover damages because of

alleged negligence in permitting water, impregnated with harmful chemicals, to overflow appellees' farm lands to their damage.

The issues are formed by an amended complaint in three paragraphs, to each of which an answer in general denial was addressed. The case was submitted to a jury for trial, and the jury returned a verdict in favor of the appellees in the sum of $700.00. Judgment was rendered upon this verdict. A motion for new trial was filed and overruled, and this appeal has been perfected. The error relied upon for reversal is the alleged error in overruling the appellant's motion for a new trial.

The three paragraphs of amended complaint are identical in substance and form with the three paragraphs of amended complaint involved in the case of *Central Indiana Coal Co.* v. *Goodman* (1942), *ante* p. 480, 39 N. E. (2d) 484. The facts disclosed by the evidence in the case at bar are the same as those in the above appeal.

The same questions raised by the appellant in this case, as to the sufficiency of the evidence to sustain the verdict of the jury, were raised in the former case, and, upon the authority in the above mentioned case, we hold that the evidence is sufficient to sustain the verdict of the jury.

The only additional points raised in the case at bar not presented and decided in the above opinion involve the admissibility of certain testimony. The appellant contends that the court erred in permitting the witness, Newell W. Cates, to testify as an expert as to the effect of acids on the plant and animal life. The appellant contends that the witness did not possess the requisite skill and knowledge necessary to give his answers probative value. The witness, Newell W. Cates, was an

employee of the United States government and the Board of Health of the State of Indiana, whose duties consisted of inspecting and sealing abandoned mines, which were discharging acid water in sufficient quantities to be injurious.

The record shows that in August, 1936, the witness analyzed the water coming from the mine in question, and that his analysis showed that it contained 2,400 parts of acid per million parts of water. He further testified that he analyzed the water in one of the pits located near the mine, and that such water contained 1,640 parts of acid per million parts of water. He testified that, in his opinion, this was a sufficient quantity to destroy soil fertility and to kill vegetation.

The question as to the competency of the witness is exclusively for the court, and it is for the court to say whether the witness is or is not qualified to testify as an expert. *The City of Fort Wayne* v. *Coombs* (1886), 107 Ind. 75, 7 N. E. 743. It was not necessary in the case at bar that the witness should be an expert chemist in order to render his testimony competent. No precise knowledge of the subject-matter of his testimony is required; "it is enough if the witness shows such an acquaintance with the subject as to qualify him to give an opinion." *The City of Terre Haute* v. *Hudnut* (1887), 112 Ind. 542, 550, 13 N. E. 686.

In view of the work in which the witness was engaged, and its close relationship to the subject-matter of his testimony, it is our opinion that the court did not abuse its discretion in permitting the witness to testify. The weight that should be given to his testimony depends upon the particular knowledge of the subject which he may have acquired through experience or study.

The appellant further complains of the action of the trial court in permitting another witness to testify as to the market value of the land involved in this action. The witness was a farmer, who had worked on the farm in question and lived in the immediate neighborhood, where the land was located, for many years. This was sufficient information to render competent the testimony of this witness. This question was before this court in the case of *Fox* v. *Cox* (1898), 20 Ind. App. 61, 50 N. E. 92, in which this court said, p. 63:

> "It is not necessary that a witness should be an expert before testifying in such a case. The extent of a witness' knowledge before being permitted to testify as to values is within the discretion of the trial court, and it is only where there is a total lack of such knowledge, or there is a palpable abuse of discretion, that the appellate tribunal will interfere. It is shown the witnesses had some knowledge of the subject-matter, and of the particular property. The record shows they were competent to testify, the weight of their testimony was for the court.
>
> "The extent of a witness' knowledge of the subject-matter about which he testifies as to values, goes to the weight of his testimony and not to its competency."

There was accordingly no error in permitting the witness to testify as to the value of the land in question.

For the reasons above stated, it is our opinion that the court did not err in overruling the appellant's motion for a new trial.

Finding no reversible error, the judgment of the trial court is affirmed.

Judgment affirmed.

Bedwell, J., not participating.

NOTE.—Reported in 41 N. E. (2d) 826.