THE GEORGIA RAILROAD COMPANY *vs.* NEWSOME.

Under sections 3033 and 3368 of the Code, a railroad company is responsible for damages done to any person by the carelessness or negligence or improper conduct of its agents in or by the running of the cars or engines of the company, and the presumption fixed by the first of the sections cited against the company, is not rebutted by proof that the engineer, whose negligence, carelessness and improper conduct in the use of the engine and whistle attached thereto, caused the injury, was prompted by personal malice and revenge towards the plaintiff; but the plaintiff may recover from the company the same amount of damage for the injury, as if it had been a case of carelessness and improper conduct unmixed with personal grievances of the engineer.

Railroads. Negligence. Damages. Master and servant. Before Judge BARTLETT. Greene Superior Court. September Adjourned Term, 1877.

Newsome brought case against the Georgia Railroad. The evidence showed that plaintiff was riding in a buggy near the railroad track; that, as the train passed, the engineer caused the engine to whistle twice in quick succession, which frightened plaintiff's horse and caused him to be thrown from the buggy and injured. As to the question of negligence there was some conflict; but there was evidence tending to show that the engineer acted through malice towards plaintiff, with whom he was on bad terms. The court charged, in substance, that if the engineer wilfully and maliciously blew the whistle and frightened plaintiff's horse, thereby causing the injury, defendant would not be liable. The jury found for defendant. Plaintiff moved for a new trial, which was granted, and defendant excepted.

J. A. BILLUPS; W. W. LUMPKIN, for plaintiff in error.

E. C. KINNEBREW; M. W. LEWIS & SON, for defendant.

JACKSON, Judge.

In this case the court below granted a new trial, mainly, we suppose, because it was satisfied that in the charge to

the jury error had been committed, in that it was then held that if the malice and personal unkindness of the engineer caused him to blow the whistle and frighten plaintiff's horse, causing the runaway and damage to plaintiff's person, then there could be no recovery.

So that the point made is this: Can a person, not a passenger, recover from a railroad company for the act of the engineer of the road in blowing the whistle of the engine, when he evidently blew it because he had had a difficulty with the plaintiff some time before, and was actuated by malice and revenge to do so?

In the case of a passenger, the rule was settled in the case of *Gasway vs. The Atlanta and West Point Railroad Company*, 58 *Ga.*, 216, and in that of *Peeples, guardian, vs. The Brunswick and Albany Railroad Company*, decided at this term; but this plaintiff was not a passenger, but he was in a buggy by the side of the road, at a place, it is contended, where there was no necessity to have the whistle blown, and yet it was blown by the engineer, and he was hurt. Can such a person, not a passenger, recover?

The Code is quite broad. Section 3033 declares, in effect, that a railroad company shall be liable for any damage done to persons, stock or other property, by the running of locomotives or cars or other machinery of the company, done by any person in its employment, unless the company make it appear that the agents have exercised all reasonable care and diligence, and that the presumption shall be against the company. Well, this person was hurt by a person in the employment and service of the company, in the use of its machinery in the running of the cars, to-wit: by the engineer in the use of the whistle while engaged in running the cars; and the presumption was that this agent did not use ordinary and reasonable care and diligence. It is sought to rebut this presumption by proof that the engineer was mad with the plaintiff, and blew the whistle on purpose to frighten

his horse and hurt him. So far from rebutting want of reasonable diligence, the fact alleged shows that the engineer was diligent to hurt plaintiff. It makes no difference why he was careless and not diligent in trying to keep from hurting plaintiff, whether from malice or other reason; it is enough that he was not diligent in the use of the company's machinery to prevent as far as possible harm to plaintiff.

So section 3368 of the Code is to the same purport—if anything much stronger. It is in these words:

" In all cases where the person or property of an individual may be injured, or such property destroyed, by the carelessness, negligence, or *improper conduct* of any railroad company, or officer, agent, or employee of such company, in or by the running of the cars or engines of the same, such company shall be liable to pay damages for the same to any one whose property or person may be so injured or destroyed, notwithstanding any by-laws, rules, or regulations, or notice, which may be made, passed or given by such company, limiting its liability."

This injury was caused by the *improper conduct* of the engineer, to say the least, if plaintiff's proof is true. It was improper to blow the whistle where and when he did, and with the motive he did or without that motive; worse with the motive than without it, perhaps.

It is wholly unnecessary to go to other countries and states for law on this case, when our own statutes control it. We hold, therefore, that the plaintiff could recover from the company for the improper conduct of this engineer *in the use of its engine and whistle*, though that conduct was superinduced by a private quarrel of the engineer with the plaintiff. If the engineer had pulled out a pistol and shot the plaintiff, then the act would not have been done by the use of the company's machinery, and the engineer *in propria persona* would alone have been responsible; but as he used the thing he was intrusted with by the company im-

properly, the company is liable under our law, and ought to be so.

It is true, that under the old law in respect to the drivers of coaches and the like, the rule was different, and the coachman, not his master, was liable for wilful and malicious driving to hurt a person against whom he had private malice, but these railroads and the machinery they use are huge engines of power, great for good and equally great for evil, dependent much upon the discretion, prudence and diligence of the agents employed to run them, and of all those agents, the engineers have the most fearful power, and it is public policy to force the roads to employ safe and prudent men, who will not in passion or anger use their powerful machines to endanger or kill the people of the state.

Whether or not the company is responsible in damages for the vindictive feelings which prompted the conduct of its agent in this case, is a question not made necessary to be decided by this record.

In the case of *passengers* maltreated by conductors and others in charge of the cars, we have ruled in the cases of *Gasway* and *Peeples*, that the companies must pay just what the private person, if he were sued, would be compelled to pay: and this included aggravated or vindictive damages; but in the case of a man not a passenger the rule may be different.

The Code, §2961, declares that every person shall be liable for torts by wife, child or *servant* in *the prosecution and within the scope of his business;* and this corporation is a person. Code, §5.

The Code, in section 3066, enacts that "in *every tort* there may be aggravating circumstances, either in the act or the intention, and in that event the jury may give additional damages, either to deter the wrong-doer from repeating the trespass, or as compensation for the wounded feelings of the plaintiff."

Notwithstanding the breadth of compass embraced in these

statutes, we rather think that, in cases like this at bar, the plaintiff being no passenger, the damages ought to be confined to the actual hurt, and damage and expenses incident thereto ; but we do not so positively rule it now. There must be a new trial on the other ground, and the court was right to grant it.

When the court below on the new trial, shall have, on mature deliberation, and in the light of all the facts before it, ruled on the other matter of the extent of the measure of damages, it will be time enough for us to consider it, should it be brought here for our judgment on that question.

Judgment affirmed.