NEWSOM *vs.* THE GEORGIA RAILROAD.

1. In a suit against a railroad, an assignment of error that the court refused to allow evidence of the declarations of the conductor immediately after the accident, without specifying what declarations, is too general.
2. The length of defendant's train on a certain day was not provable by the average length of its trains at that season of the year.

Railroads. Negligence. Damages. Evidence. Practice in the Supreme Court. Before Judge BARTLETT. Greene Superior Court. September Term, 1878.

To the report contained in the decision, it is only necessary to add, that two of the grounds of the motion for new trial were as follows:

1. Because the court erred in refusing to allow Joseph Davison, a witness for plaintiff, to give in evidence to the jury the declarations of the conductor of the train, which declarations were made six minutes after plaintiff was hurt.

2. Because the court erred in allowing evidence as to the average length of trains on defendant's road at that season of the year.

M. W. LEWIS & SON; E. C. KINNEBREW, for plaintiff in error, cited (as to declarations of conductor), Code, §§2206 3787, 3773; 28' *Ga.*, 93; 18 *Ib.*, 635; 56 *Ib.*, 498, 274; 1 Gr. on Ev., §110; 55 *Ga.*, 696. On evidence of average length, Code, §3756; 58 *Ga.* 500.

J. A. BILLUPS; J. C. REED; W. W. LUMPKIN, for defendant, cited Code, §2206.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover damages for the alleged malicious blowing the whistle of its engine on its railroad when the plaintiff was traveling along the public road with his horse

and buggy, thereby causing his horse to run away and injuring him and his property. On the trial of the case the jury, under the charge of the court, found a verdict in favor of the defendant. The plaintiff made a motion for a new trial on the grounds therein stated, which was overruled, and the plaintiff excepted.

1. There was no error in rejecting the evidence of David-son as to the declarations of the conductor of defendant's train that we can correct, inasmuch as it does not appear in the record what those declarations were which the plaintiff offered to prove.

2. It was a material question on the trial of the case as to what was the length of the defendant's train of cars on the day of the injury complained of—the defendant insisting that its whistle was blown so as to enable its hindmost car on its train to stop opposite the platform at the Bairdstown crossing for passengers to get off. The evidence was conflicting as to the number of cars on the defendant's train that day—the plaintiff insisting that as the evidence showed that he and defendant's engineer having had a previous difficulty, that the latter shook his fist at him and maliciously blew the whistle when he got opposite to him, after the rear car of the train had passed the crossing, to make his horse run away. There was evidence as to the distance from the crossing to the place where the plaintiff was when the whistle blew which frightened his horse; and, therefore, the length of the train became material. The court allowed the defendant to prove by McLaughlin, over plaintiff's objections, that "the average length of the defendant's train on its road at that season of the year was not less than ten freight cars (it being a mixed train) besides the passenger cars." The admission of this evidence was error. The question was, what was the length of the defendant's train of cars on that day, and not what was its *average* length at that season of the year. Besides, there were witnesses who saw the number of cars on defendant's train that day, and their evidence was of a higher grade than McLaughlin's, and therefore the best evidence in relation to

that point in the case.   The plaintiff was entitled to a legal trial of his case, whatever may be its merits.

Let the judgment of the court below be reversed.