## NEWSOM *vs.* THE GEORGIA RAILROAD.

1. In a suit against a railroad company for damages resulting from a fall from a buggy, caused by the frightening of the plaintiff's horse by the blowing of defendant's whistle, what the plaintiff said a short time after the injury was done, at a place some distance off to which he went, as to the malice of defendant's agent in blowing the whistle, was not admissible in his own behalf as part of the *res gestæ*.

2. What defendant's engineer said some time after the injury and at a different place, indicating the state of his feelings toward the person injured, was not admissible against defendant.

3. No error was committed which could have injured the plaintiff and the verdict was not contrary to the law or the evidence.

Evidence.   *Res gestæ.*   New trial.   Before Judge LAWSON.   Greene Superior Court.   March Term, 1880.

Newsom brought case against the Georgia Railroad. The gist of his case, as alleged and sought to be proved, was this:   That he was driving in his buggy alongside the track of the defendant, when he saw its train stopping at a crossing for the purpose of discharging passengers; that, fearing that his horse might be frightened, he drove rapidly to a point where he could leave the line of the railroad track, drove some distance off from it, turned his horse facing the track, and stopped; that the train started, and, as it reached a point opposite the plaintiff, the engineer, who had previously had a difficulty with plaintiff, shook his fist at him; that plaintiff shook his fist at the engineer, and the latter gave two short, shrill whistles of the engine; that this frightened plaintiff's horse so that he was was thrown from the buggy and badly hurt.

On all the material points the evidence was conflicting —whether the whistle was blown at a point not necessary for the business of the road, whether the blowing of the whistle or the plaintiff's carelessness in handling his horse

caused the injury, and as to the amount of damage sustained.

The jury found for the defendant. Plaintiff moved for a new trial on the following, among other grounds:

(1) Because the verdict is contrary to the law and the evidence.

(2) Because the court rejected from evidence the statement made by plaintiff some six or seven minutes after the accident, at a house about 400 or 500 yards from the point where it occurred, to the effect that the engineer blew the whistle out of malice, that he shook his fist at plaintiff and blew the whistle to scare his horse.

(3) Because the court refused to allow evidence of the statement of the engineer, while on his engine at Union Point, some time after the accident (which occurred some miles away), to the effect that he wished he had killed plaintiff.

(4) Because the court charged concerning contributory negligence and its effect.

The motion was overruled, and plaintiff excepted.

M. W. LEWIS & SONS; E. C. KINNEBREW, for plaintiff in error.

J. A. BILLUPS; J. C. REED; W. W. LUMPKIN, for defendant.

JACKSON, Chief Justice.

This was an action brought to recover damages from the Georgia Railroad Company on account of the engineer's blowing the whistle of his locomotive and frightening the plaintiff's horse, whereby the plaintiff was thrown from his buggy and injured.

The case has been here twice before—60 *Ga.*, 492 ; 62 *Ga.*, 339. This is the third verdict for the railroad company—rather an unusual occurrence—and unless there has been material error of law it ought to stand.

1. There is no error in the first ground of the motion for a new trial. What the plaintiff said, sometime after the occurrence, in respect to the engineer's fault in blowing the whistle and shaking his fist first at him, is not *res gestæ*, and admissible as such. Besides, the plaintiff swore to the same fact on the stand.

2. What the engineer said about it after he got to Union Point, a station some distance from the place where the accident and injury occurred, and especially about his malice toward plaintiff, was not admissible against the railroad.

3. Whether or not the court erred in charging on contributory negligence, the plaintiff was not and could not have been hurt, the jury having found for defendant— that is, that his own fault and negligence in taking care of himself had caused the injury.

That was a question of fact for the jury. There was testimony on both sides of the issue, and on the assignments of error the court having committed none, and the evidence being sufficient to support this, the third verdict, it must stand. As a general rule, under the English common law, and our own growing out of it, facts are for the jury, law for the court.

Judgment affirmed.