No. 13,233.

## THE CLEVELAND, COLUMBUS, CINCINNATI AND INDIANAPOLIS RAILWAY COMPANY *v.* WYNANT.

EVIDENCE.—*Negligence.—Injury by Frightened Horses.—Railroad Cars in Highway.*—In an action against a railroad company to recover for an injury caused by the plaintiff's horses taking fright at cars negligently permitted to encroach and stand upon a highway, where it was crossed by a side-track, the testimony of other persons, who had travelled upon the highway some days prior to the accident, that their horses had likewise taken fright at the cars, is not competent, and its admission harmful error.

114 525
126 396
114 525
129 458
114 525
134 398
134 682
114 525
154 100
114 525
157 204
114 525
f165 129
114 525
167 341

The Cleveland, Columbus, Cincinnati and Indianapolis R'y Co. *v.* Wynant.

SAME.—*Similar Occurrences.*—*Evidence of, Not Competent.*—Evidence of similar occurrences on other occasions is not admissible to raise a presumption that the accident in question happened, or that the place was defective and dangerous, or that the situation was of such a character that the accident resulting in the injury for which damages are claimed, might have taken place.

SAME.—*Objects Calculated to Frighten Horses.*—It is not a subject to be pleaded and proved whether a box-car, or other particular object, is naturally calculated to frighten horses, but this is to be determined by the experience, observation and intelligence of the court and jury, as applied to the facts of the case before them.

OBSTRUCTION OF HIGHWAY.—*Violation of Statute.*—*Frightened Horses.*—*Damages.*—The mere fact that an object is in a highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from the frightening of horses, but to create liability there must be a natural causative connection between the violation of the statute and the frightening of the horses, and the injury must be proximately within the purpose and protection of the statute.

SAME.—*Railroad.*—*Intermeddlers.*—*Negligence.*—*Instruction.*—A railroad company may leave its cars standing upon its side-track at any point except in a highway; and if a car is so placed that it does not obstruct the highway, and is afterwards moved into the highway by intermeddlers, the company is not liable for an injury caused thereby, unless the car is negligently permitted by it to remain upon the highway an unreasonable time, and it is error to refuse to so instruct the jury.

From the Madison Circuit Court.

*H. H. Poppleton, S. H. Holding, M. S. Robinson* and *J. W. Lovett,* for appellant.

*H. D. Thompson,* for appellee.

MITCHELL, C. J.—Action by Harriet Wynant against the appellant railway company, to recover damages for injuries alleged to have been suffered by the plaintiff from the overturning of her carriage, the horses having taken fright at a box-car which, it is charged, the company unlawfully and negligently permitted to be and remain partially in and upon a public highway over which the plaintiff was travelling.

The case was considered once before by this court, and reversed because the evidence did not sustain the verdict of the jury. *Cleveland, etc., R. W. Co.* v. *Wynant,* 100 Ind. 160.

A second trial has been had, with the result that judgment has again been rendered for the plaintiff. The case is before us a second time upon the same pleadings, and, according to the insistence of appellant's counsel, upon substantially the same evidence.

Waiving any observations concerning the sufficiency of the evidence, or whether it is in any essential respect variant from what it was before, it is enough to say the judgment must be reversed, for errors hereinafter pointed out.

To sustain her case, the plaintiff gave evidence tending to show that certain empty and, for the time being, unused freight cars, which had been stored on a short railway track, which diverged from the company's main line to a gravel pit, had been permitted to encroach from five to eight feet on either side of a public highway over which the above mentioned track lay, leaving a space of from fifteen to twenty-five feet in width of the travelled way between the projecting cars.

There was evidence tending to show that the plaintiff and her husband were passing over the highway in a vehicle drawn by two gentle horses. When about to go upon the railway track between the cars, without having previously shown any signs of fear, the horses suddenly took fright and became unmanageable. Whether they were frightened at an empty car or at noise which proceeded from it, is immaterial to the questions to be considered.

There was some evidence tending to show that a box-car had encroached upon the road for several days prior to the accident.

The railway company introduced evidence tending to show that the car had been let down on the highway, on the day of the accident, by the unauthorized interference of some boys with the brakes. The car was an ordinary empty box-car, such as is in common use on all railroads.

At the trial, the plaintiff produced witnesses who testified that they had passed over the highway in question several

days prior to that on which the accident happened, and, after describing the situation of the cars as they then observed them, and the manner in which they then projected into the highway, they were permitted to testify, over objection, that their horses took fright or " shied " at the cars.

Nothing appeared concerning the disposition of the horses driven by the several witnesses in respect to whether or not they were ordinarily gentle and well disposed, or whether they were under careful guidance, and so the evidence might well have been excluded on that account. But, if these objections had been obviated, we can discover no sound principle which justified the admission of the evidence.

The principal facts in dispute under the issues were, whether or not the railway company had unlawfully or negligently placed, or unreasonably permitted, its empty cars to remain upon a public highway, thereby causing the horses attached to the carriage in which the plaintiff was seated to take fright and run away, resulting in an injury for which she was in no way blamable.

The evidence admitted pertained to facts altogether aside from those in dispute, and in no way tended to raise a legal presumption as to the disputed facts. It could have had no other effect than to mislead the jury and distract their attention from the real issues in the case. There is no fixed rule governing the frightening of horses. An object that may render one unmanageable from fear, another may pass without notice. It does not follow, because one or more may have taken fright at a given object in a highway, that the object was necessarily frightful to all gentle horses ; nor does proof that a number of horses took fright at an object raise a legal presumption that another horse, on a different occasion, became frightened at the same object. *Piollet* v. *Simmers*, 106 Pa. St. 95 ; *Denver, etc., R. W. Co.* v. *Glasscott,* 4 Col. 270 ; *Newsom* v. *Georgia Railroad,* 62 Ga. 339 ; *Durbrow* v. *McDonald,* 5 Bosw. 130 ; *Wentworth* v. *Smith,* 44 N. H. 419.

The railway company was not bound to anticipate and

make preparation to meet testimony of the character of that in question; nor would it have been heard to prove, in rebuttal, that other gentle horses had passed between the cars without taking fright, or that the horses which took fright were vicious and unsafe under ordinary circumstances. *Bauer v. City of Indianapolis*, 99 Ind. 56; *Kidder* v. *Inhabitants of Dunstable*, 11 Gray, 342; *Temperance Hall Ass'n* v. *Giles*, 33 N. J. 260.

Thus, in the case first above cited, it was held, in a suit against a city for an injury received in consequence of an obstruction upon a sidewalk, that it was not proper to admit evidence to show that others had passed over the same obstruction without injury.

Where it becomes necessary to affect those charged with the duty of keeping highways, bridges or other structures in a safe condition, or of keeping only competent persons in their service, with notice of defects or unfitness, or where the question is as to the safety or availability of a machine or contrivance designed for a particular purpose or for practical use, evidence is admissible to show how the thing served when put to the use for which it was designed, in the one case, or that occurrences of a character to make the defect or incompetency notorious had taken place, in the other. *Pittsburgh, etc., R. W. Co.* v. *Ruby*, 38 Ind. 294 (10 Am. R. 111); *Cleveland, etc., R. R. Co.* v. *Newell*, 104 Ind. 264 (54 Am. R. 312); *City of Delphi* v. *Lowery*, 74 Ind. 520 (39 Am. R. 98); *City of Fort Wayne* v. *Coombs*, 107 Ind. 75.

The present case does not come within the rule above stated. None of the occurrences described were of such a character as to convey notice to the railway company, or to be known to any others than the witnesses themselves.

Evidence of other similar occurrences, on other occasions, is not admissible for the purpose of raising a presumption that the particular accident in question happened, or that the place was defective and dangerous, or that the situation

was of such a character that the occurrence resulting in the injury complained of might well have taken place. The facts are the only legitimate evidence of the injury and of the manner and cause of the occurrence. *Ramsey* v. *Rushville, etc., G. R. Co.*, 81 Ind. 394; *Collins* v. *Inhabitants of Dorchester*, 6 Cush. 396; *Hubbard* v. *City of Concord*, 35 N. H. 52; *Maguire* v. *Middlesex R. R. Co.*, 115 Mass. 239; *Hawks* v. *Inhabitants of Charlemont*, 110 Mass. 110; *Blair* v. *Inhabitants of Pelham*, 118 Mass. 420.

The case is parallel in principle with *Hudson* v. *Chicago, etc., R. W. Co.*, 59 Iowa, 581. In that case, the plaintiff claimed damages for injuries to his horse, resulting from defective planking, at a railway crossing. The judgment of the lower court was reversed because a witness was permitted to testify that, some time prior to the injury complained of, a horse driven by him had got his foot between the plank and rail at the same place where the plaintiff's horse was injured.

We are aware of the fact that some contrariety exists in the decisions upon the point in question. In our opinion, the rule above indicated is the one justified by the decisions of this court, and altogether the safer one upon principle. Patterson Railway Accident Law, 420.

There is, in the present case, no open, visible connection between the evidentiary facts, or independent occurrences, out of which it is assumed certain presumptions arise, and the facts sought to be established, by deduction from the evidentiary facts proved. This the law requires. The jury must not be left to decide the principal facts by making remote inferences from facts having no visible connection with those in dispute. *United States* v. *Ross*, 92 U. S. 281.

The only presumptions of fact which the law recognizes are those which arise, or may be inferred, immediately from the facts proved. *Manning* v. *Insurance Co.*, 100 U. S. 693; *Douglass* v. *Mitchell*, 35 Pa. St. 440.

It must have been assumed, because some other horses

frightened at the car, that it was necessarily an object calculated to frighten gentle horses, and, therefore, that those drawing the plaintiff's carriage became frightened at it. The conclusion was not a natural deduction from, nor had it any visible or probable connection with, the facts. *McAleer* v. *McMurray,* 58 Pa. St. 126.

It might be proved that horses of ordinary gentleness took fright at a newspaper, or other like object, casually left in a public highway, but it would hardly be contended that proof might be heard to show that a newspaper was an object naturally calculated to frighten horses of ordinary gentleness.

It is well settled, that one who negligently or without right places an object, naturally calculated to frighten horses of ordinarily gentleness, within the limits of a public highway, or who wrongfully suffers such an object, although placed there without fault, to remain an unreasonable length of time, may become liable for an injury occasioned by the fright of horses thereat. *Town of Rushville* v. *Adams,* 107 Ind. 475; *Turner* v. *Buchanan,* 82 Ind. 147 (42 Am. R. 485); *Piollet* v. *Simmers, supra.*

Such an object, wrongfully placed or unreasonably kept or maintained in a public highway, may become a nuisance, for which the author may incur liability to a person suffering special injury therefrom.

As to what objects may lawfully be placed within the limits of a public highway, and as to what may constitute a reasonable time during which such objects may be kept there, must depend upon the circumstances of each particular case. Horses may take fright at wheelbarrows, road-engines, covered wagons, box-cars, reaping-machines, building material, and an indefinite number of other things which are not nuisances *per se,* when found within the limits of a public highway; and yet all these may become nuisances by being negligently permitted to obstruct a highway, depending upon the circumstances of each case. Horses of ordinary gentleness become accustomed to such objects, when the objects are found

in their customary places. They are more liable to become alarmed when they encounter such an object in an unusual place or under extraordinary circumstances. This is part of the common knowledge possessed by all intelligent persons of mature years.

All horses are disposed to scare or shy at objects of an unusual character in a highway. Roads are prepared with reference to this generally known disposition, and persons who place or leave objects in a highway are likewise charged with notice of this habit.

These are things which every adult person of ordinary experience must be presumed to know. It is not, therefore, a subject to be pleaded and proved, whether a box-car, or any other particular object, is naturally calculated to frighten horses. This is to be determined by the experience, observation and intelligence of the court and jury as applied to all the facts of the particular case before them. *Gilbert* v. *Flint, etc., R. W. Co.,* 51 Mich. 488; *Wabash, etc., R. W. Co.* v. *Farver,* 111 Ind. 195.

The mere fact that an object is in the highway, in violation of a statute, does not necessarily make the owner liable for damages resulting from fright which the object may have occasioned to horses. There must have been some natural, causative connection between the violation of the statute and the frightening of the horses. The object, in the situation in which it was left, must have had a necessary or natural tendency to that end, according to common experience. A cow or a sheep may be upon a public highway in violation of a statute, and a horse of ordinary gentleness may take fright at such an animal. The frightening of horses was not, however, the mischief which the statute requiring certain animals to be restrained from running at large was intended to prevent. The injury must in each case be, proximately, such as was within the purpose and protection of the statute. *Wabash, etc., R. W. Co.* v. *Locke,* 112 Ind. 404. It was error to admit the evidence.

At the proper time, the defendant company asked the court to instruct the jury to the effect that the railway company had the right to have its cars standing on its branch road at any point except in or upon the highway, and that if the car at which the plaintiff's horses took fright was placed by it at a point so as not to obstruct the highway, and was afterwards moved into the highway by persons for whom the company was not responsible, the company would not be liable to the plaintiff for the injury suffered by her, unless it negligently permitted the car to remain upon the highway an unreasonable length of time.

This was undoubtedly a correct statement of the law, and it was applicable to the defence which the defendant sought to maintain by its evidence.

It is the right of a party applying for it, to have his theory of the case clearly and distinctly presented to the jury, when he has adduced evidence fairly tending to support it. *Tenbrooke* v. *Jahke,* 77 Pa. St. 392; *Pittsburgh, etc., R. W. Co.* v. *Krichbaum,* 24 Ohio St. 119 ; *Comstock* v. *Norton,* 36 Mich. 277 ; Thornton Juries and Instr., section 165.

The instructions given by the court, although correct in the abstract, were general. The defendant had a right to an instruction adapted to the special features of the defence which it undertook to support by its evidence. *Parkhill* v. *Town of Brighton,* 61 Iowa, 103 ; *Parmlee* v. *Adolph,* 28 Ohio St. 10; *Marietta, etc., R. R. Co.* v. *Picksley,* 24 Ohio St. 654.

For the foregoing reasons the judgment is reversed, with costs, with directions to the court to sustain the appellant's motion for a new trial.

Filed May 15, 1888.