[No. 8197.   Department One.   October 23, 1909.]

EMMA WILKIE, *Appellant*, v. CHEHALIS COUNTY LOGGING
AND TIMBER COMPANY, *Respondent*.[1]

NEGLIGENCE—EVIDENCE—ADMISSIBILITY—FRIGHT OF HORSE.  Where
an old, gentle horse suddenly became frightened 100 or 150 feet from
a platform, on which were milk cans and a quarter of fresh beef,
and there was no direct evidence and nothing more than a bare
probability as to the cause of his fright, it is inadmissible to prove
that other horses driven past the platform at another time had be-
come frightened, and that there was fresh beef piled thereon at the
time, either as inference as to the cause of the accident or to show
notice.

NEGLIGENCE—EVIDENCE—SUFFICIENCY—FRIGHT OF HORSE — PROXI-
MATE CAUSE.  In such a case, the mere probability that the horse
became frightened at the quarter of beef, is not an evidentiary fact
that will sustain a judgment for damages, regardless of whether the
platform as maintained was a nuisance; since it was not shown that
the same was the proximate cause of the accident.

Appeal from a judgment of the superior court for Che-
halis county, Irwin, J., entered February 1, 1909, upon
granting a nonsuit after discharging the jury, dismissing
an action for personal injuries.   Affirmed.

*Govnor Teats, Hugo Metzler,* and *Leo Teats,* for appel-
lant.

*John C. Hogan* and *J. B. Bridges,* for respondent.

CHADWICK, J.—This action, brought by plaintiff, Emma
Wilkie, in her own behalf, and another brought by her as
guardian *ad litem* for her minor children, against the Che-
halis County Logging and Timber Company, a corporation,
are predicated upon the following facts:   On January 16,
1907, David Wilkie and his wife Emma were returning to
their home, near the city of Montesano.   Their way pro-
ceeded along a road or street within the city limits.   The
road led over a swamp through which a roadway about ten

[1]Reported in 104 Pac. 616.

feet wide had been banked up, and thence up a steep hill. At the foot of, and encircling the hill at its base, the defendant has constructed and was operating a logging railroad. To the right or north of the crossing, about ten feet therefrom, the railroad company had maintained a platform upon which goods were placed for the more convenient loading of supplies for the logging camps. At the time mentioned, some goods, including milk cans and at least one quarter of beef, which was wrapped in burlap, excepting only a part of the shank, were upon the platform, placed there no doubt, although the testimony does not show it, for shipment upon defendant's road. Mr. Wilkie and his wife were driving a horse then seventeen years old. He had been in use on their farm for fourteen years. Their buggy was old and had been used from ten to twenty years. When they had approached within a distance varying, under the testimony, as we find it to be from a consideration of all the evidence, from 100 to 150 feet of the railroad crossing, the horse suddenly stopped, threw up his head, and backed the buggy at an angle off the grade, whirling at the same time toward the city. The buggy was overturned, and Mr. and Mrs. Wilkie were thrown out. The buggy was backed against or caught upon some posts, the remains of a dismantled building, so that the front wheels and axle became separated from the body of the buggy. The horse trotted back down the road toward Montesano for a short distance, where he was stopped without effort by a passer-by. The testimony shows that he was not frightened or running away. He showed no signs of that frenzy which marks the frightened animal. Mr. Wilkie received injuries of which he died, and Mrs. Wilkie suffered the injuries which she now seeks to satisfy in damages.

The theory of the plaintiff is that the accident was caused by the negligent use of the platform by defendant, in that it permitted a quarter of beef to be placed thereon, unprotected and uncovered from view, so that the horse became frightened by the sight and smell of it; this, coupled with the

allegation that the platform and its use had for a long time prior to January 16, 1907, become, and was, a public nuisance. From a judgment of nonsuit, the plaintiff has appealed.

It is assigned that the court erred in the rejection of testimony offered to show that horses had been frightened at objects placed upon the platform. A witness swore, over the objection of respondent, that on the day before, his team was frightened while passing the platform, and that meat was piled thereon at the time. This testimony was afterwards stricken by the court. In thus ruling the court did not err. It may be said, for the purposes of this argument, that it may be accepted as a matter of common knowledge, of which courts are bound to take notice, that some horses will become frightened at the sight or smell of fresh meat; but it does not follow that, because one horse is so frightened, another one will be. What would frighten one horse may pass unnoticed by another. But, under any view of the law, the testimony was not competent to prove the negligence of respondent, for there had been no direct evidence to prove that the horse driven by the Wilkies had become frightened at the meat on the platform. It did not so occur to Mrs. Wilkie at the time; and at the distance testified to, no more than a bare probability was proven. A probability cannot be turned into an evidentiary fact by proving a collateral fact which also rests upon probabilities or conditions that cannot be brought to the attention of the jury; all this, upon the well settled principle that negligence will not be presumed but must be proven, so often affirmed by this and other courts that it is not necessary to cite authorities, other than *Whitehouse v. Bryant Lumber & Shingle Mill Co.*, 50 Wash. 563, 97 Pac. 751, where the former decisions of this court are collected; to which may be added *Cleveland etc. R. Co. v. Wynant*, 114 Ind. 525, 17 N. E. 118, 5 Am. St. 644.

The only question leaving any room for argument in this case is the distance between the point where the horse stop-

ped and backed the buggy, and the railroad track and platform. As we have said, there can be no doubt that the accident occurred at least 100 feet from the railway track and from 110 to 115 feet from the platform. It is true that Mrs. Wilkie, although admitting that she is not a good judge of distances, said that it was 25 or 30 feet, and in another place 30 or 40 feet, but she also said that the horse backed a short distance, several feet, when he whirled. She and her husband were thrown out when he whirled around. She fixes this point at from 100 to 125 feet from the track. Another witness fixes the place where she was thrown out at 150 to 160 feet from the track. This testimony makes it extremely improbable that the horse was within 100 feet of the track at the time, and quite as improbable that he was frightened at anything on the platform; especially so when, in connection with the distance, we consider the fact that the horse was old, gentle, accustomed to being driven double and single, had never shied before, and was accustomed to the road which they were traveling and upon which there were several platforms placed for the convenience of dairymen, and the extreme improbability that a horse would or could back a buggy straight along a road no more than ten feet wide, for a distance approximating 80 to 125 feet.

If it were admitted, or could be found from the evidence, that the horse was in fact frightened by the objects on the platform, the question whether defendant was liable would then occur. In that event it would be competent to show that other horses had been frightened, in order to charge the respondent with notice of the fact. But appellant's testimony did not contain the essential element of certainty, and the court properly rejected the testimony. Liability does not rest in the negligent act, but upon proof that the act of negligence was the proximate cause of the injury. Appellant cites many authorities showing that improper use of a highway is a nuisance, but it does not follow that an individual can recover damages in an action of this kind because

of its maintenance, unless it be shown by competent evidence, attaining a higher degree than conjecture evidence, that he has suffered an injury because of it.    So, whether the testimony was offered to prove that, because other horses had been frightened, the inference that the Wilkies' horse had been also frightened could be drawn therefrom, or to charge respondent with notice, it was properly rejected, for notice is immaterial unless negligence is proven.

The judgment of the lower court is affirmed.

RUDKIN, C. J., FULLERTON, GOSE, and MORRIS, JJ., concur.