## HASKELL AND BARKER CAR COMPANY v. TIMM.

[No. 9,761.    Filed April 16, 1919.    Rehearing denied October 7,
1919.    Transfer denied October 6, 1920.]

1. MASTER AND SERVANT.—*Injuries to Servant.—Action.—Interrogatories.—Answer of "No Evidence".—Effect.—Employers' Liability Act.*—In a servant's action against the master under the Employers Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) for injuries due to a defect in a scaffold, the jury's answer to an interrogatory—that there was no evidence as to the master's knowledge of the defect alleged—did not require judgment for defendant on the interrogatories, since §3 of the act provided that the burden of proving such want of knowledge is upon the employer.  p. 616.

2. TRIAL.—*Interrogatories.—Answer of "No Evidence".—Effect.*—An answer of no evidence to an interrogatory submitted to a jury is a finding against the party having the burden as to the proposition stated in the interrogatory.  p. 617.

3. MASTER AND SERVANT.—*Injuries to Servant.—Defective Scaffold.—Negligence.—Prima Facie Case.—Statute.*—In a servant's action against the master under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) for injuries due to a defective scaffold, proof of the defect as alleged, and that such defect was the cause of the injury, established a *prima facie* case of negligence, in view of §3 of the act, placing the burden upon the employer of proving that he had no knowledge of defect alleged, or was not chargeable with knowledge thereof in time to have corrected it.  p. 617.

4. EVIDENCE.—*Failure to Produce Evidence.—Presumption.*—In a servant's action against the master under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) for injuries due to a defective scaffold, where defendant failed to produce evidence of its want of knowledge of the alleged defect, the burden of showing such fact being placed upon it by §3 of the act, it will be presumed that evidence on such issue, if introduced, would have been unfavorable to defendant.  p. 617.

5. MASTER AND SERVANT.—*Injuries to Servant.—Defective Scaffold.—Burden of Proof.—Instruction.*—In a servant's action under the Employers' Liability Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914) for injuries due to a defective scaffold, it was proper for the court to instruct the jury that the burden was on defendant to show its want of knowledge of the alleged defect, in view of §3 of the act placing the burden of proving such fact upon the employer.  p. 618.

6.  APPEAL.—*Review.*—*Harmless Error.*—*Instructions.*—The giving of an instruction which assumes the existence of a certain fact is harmless, where the fact is not in dispute. p. 618.

7.  APPEAL.—*Review.*—*Instructions.*—*Error More Favorable to Appellant.*—A cause will not be reversed because of the giving of an instruction complained of by appellant as assuming the existence of certain facts, and thereby invading the province of the jury, where the instruction was more favorable to appellant than to appellee. p. 618.

8.  APPEAL.—*Review.*—*Instructions.*—*Damages.*—*Waiver of Error.*—Error, if any, in giving an instruction on the measure of damages is waived by the failure of appellant to assign, as a cause for a new trial that the verdict is excessive. p. 618.

9.  APPEAL.—*Review.*—*Harmless Error.*—*Misconduct of Counsel.*—Improper statements by counsel during the argument to the jury are ground for reversal only where they are of such a material character as to make it appear probable that they were the means of procuring a wrong verdict. p. 619.

10.  APPEAL.—*Review.*—*Misconduct of Counsel in Argument.*—*Retaliatory Statements.*—A cause will not be reversed for misconduct of counsel in making statements outside the evidence in argument to the jury, where such statements were made in answer to remarks equally as reprehensible made by opposing counsel. p. 619.

From Porter Superior Court; *Harry L. Crumpacker,* Judge.

Action by Edward Timm against the Haskell and Barker Car Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Grant Crumpacker, C. R. Collins* and *J. B. Collins,* for appellant.

*R. H. Moore, T. C. Mullen* and *F. R. Marine,* for appellee.

REMY, J.—This is an action against appellant for damages for personal injuries for alleged negligence. A motion to make the complaint more specific was overruled by the trial court, as was a demurrer to the complaint. Appellant filed answer in denial. The cause was submitted to a jury, which returned a verdict for

appellee together with answers to certain interrogatories. A motion by appellant for judgment on the answers to interrogatories notwithstanding the general verdict was overruled, and judgment was rendered for appellee. The allegations of the complaint are in substance that at the time of the injury the defendant was a corporation engaged in the manufacture of freight cars at Michigan City, Indiana, and had in its employ more than 3,300 men; that at said time, and for one day prior thereto, plaintiff had been in the employ of defendant as a common laborer in the erection shop of defendant; that the east division of said shop in which plaintiff was working is 300 feet long and 200 feet wide, and contains seven railroad tracks; that defendant built and maintained a scaffold, which was suspended from the ceiling of said shop and was hung between two of said railroad tracks and extended for a distance of about 300 feet, and was about eight feet wide; that the floor of said scaffold consisted of four planks which were laid flat and extended parallel with said tracks and with each other, and were about twelve inches wide, two inches thick and twenty feet long; that there was an open space of one and one-half feet between the two center planks, and about one foot space between each of the outer planks and the plank next adjacent thereto; that these planks made the floor of the scaffold which was about eight feet above the floor of the shop; that, at the time of the injury and for five months prior thereto, said scaffold was used by defendant in the manufacture of cars; that on February 12, 1914, defendant by its employe, known to plaintiff as William Mack, did order and direct plaintiff to bolt certain blocks to the frame of certain steel cars on said tracks and, in doing said work, to use and work from said scaffold, which was the usual and customary manner of doing said work; that, in order to do the work as ordered and directed, it was

necessary for plaintiff to walk along said scaffold in
going from one car to another; "that at the time of the
injury defendant did negligently and carelessly suffer
and permit said scaffold to become and remain in a de-
fective condition in this, that at a point or place on said
scaffold, which said point or place was about fifty feet
east from the west wall of said east room or division,
one of said planks which was a part of the floor or way
of said scaffold was warped and bowed for a distance
of about four feet; that at and on said plank which was
warped and bowed, as aforesaid, was a coating, gather-
ing, scum, or collection of paint; that said plank which
was warped and bowed and which did contain said
paint was that plank in said scaffold which was the
second plank in said scaffold from the north;" that the
defendant by the use of reasonable diligence could have
discovered said defect in said scaffold before the hap-
pening of the injury and could have prevented the in-
jury, and that defendant knew of the defect; that
plaintiff had no part in the repair or care-taking of said
scaffold, and had no knowledge and no means of know-
ing of the defect in said scaffold; that at the point afore-
said, and in the performance of the work, as aforesaid,
"plaintiff did then and there walk on said scaffold, as
above alleged; that at the point where said scaffold was
as afore described defective, plaintiff herein by reason
of the premises did then and there slip and fall with
great force, then and there receiving great bodily in-
jury," etc.; that his said injuries were caused by the
negligence of defendant in failing to keep and maintain
said scaffold in a safe condition by removing the paint
from the planks, in negligently failing to inspect said
scaffold, and in permitting it to become defective as
alleged, and in failing to furnish plaintiff with a safe
place to work; that plaintiff at the time of his injury
was in the exercise of due care in the performance of

his work; and that by reason of the defendant's said negligence plaintiff was damaged, etc., for which judgment is prayed.

Appellant filed a motion asking that the court require appellee to make his complaint more specific in this, "that he be required to state wherein the premises caused him to slip and fall with great force." The court properly overruled this motion. The acts and omissions of appellant on which appellee in his complaint relies as the acts and omissions constituting negligence, together with all the surrounding conditions and what occurred at the time, are so pleaded that the information called for by the motion may be readily gathered from the complaint. *City of Terre Haute* v. *Lauda* (1915), 58 Ind. App. 480, 108 N. E. 392.

While we would perhaps be justified in treating the alleged error of the trial court in overruling the demurrer to the complaint as waived on the ground that the specifications set forth in the memorandum filed with the demurrer are too general in form, we have, nevertheless, examined the complaint, and find that it contains allegations of facts sufficient to constitute a cause of action under the Employers' Liability Act of 1911 (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), which was the theory adopted by the court on the trial of the cause. There was no error in overruling the demurrer to the complaint.

Complaint is made that the court erred in overruling appellant's motion for judgment on the jury's answers to interrogatories notwithstanding the general verdict in favor of appellee. The jury found by answers to certain interrogatories that there was no evidence as to whether or not appellant, prior to the time of appellee's injury, knew of the defect in the scaffold which caused the injury complained of by appellee. It is contended by appellant that knowledge on

its part, either actual or constructive, of the defect in the working place, being an essential element of the negligence charged in the complaint, the finding by the jury that there was "no evidence" as to appellant's knowledge of such defect was a finding against appellee on a material averment of his complaint. The question is settled adversely to appellant's contention by the statute upon which this cause is based. Section 3 of the Employers' Liability Act (§8020c Burns 1914) specifically provided: "The burden of proving that such employer did not know of such defect, or that he was not chargeable with knowledge thereof in time to have repaired the same or to have discontinued the use of such working place, tool, implement or appliance, shall be on the defendant, but the same may be proved under the general denial." It has frequently been decided that an answer of "no evidence" to an interrogatory submitted to a jury is a finding against the party having the burden as to the proposition stated in the interrogatory. *William Laurie Co. v. McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337, Ann. Cas. 1913A 49. The jury found by answers to other interrogatories that there was a defect in the scaffold as averred in the complaint, and that such defect was the cause of the injury complained of by appellee. Proof of these facts made a *prima facie* case. *Deer* v. *Suckow Co.* (1915), 60 Ind. App. 277, 110 N. E. 700. Just why appellant did not submit evidence of its want of knowledge of the defective scaffold does not appear. What the appellant did or did not know of the defect was a matter of easy proof, and its failure to produce the evidence raises a presumption that, if produced, it would have been unfavorable to appellant. *Indiana Union Traction Co.* v. *Scribner* (1911), 47 Ind. App. 621, 93 N. E. 1014. The court did not err in overruling

appellant's motion for judgment on the answers to interrogatories.

Error is predicated upon the action of the court in giving on its own motion instructions numbered 10, 12 and 15. The sole objection to No. 10 is that it

5. instructs the jury that the burden is upon appellant to prove by a fair preponderance of the evidence its lack of knowledge as to the alleged defects in the scaffold in question. Such is the provision of the statute upon which this cause is based. §8020c Burns 1914, *supra*. To instruct the jury that the burden of proving appellant's lack of knowledge was upon the appellee would amount to a nullification of that portion of the statute. The giving of the instruction was not error.

The complaint of instruction No. 12 is that it assumes the existence of certain facts, and thus invades the province of the jury. It does not necessarily fol-

6. low that the giving of such an instruction is reversible error. If the fact assumed is not in dispute, the giving of the instruction could not be harmful. As was laid down by the Supreme Court in *Hamilton* v. *Love* (1899), 152 Ind. 641, 53 N. E. 181, 54 N. E. 437, 71 Am. St. 384: "If, under any circumstances, the instruction would be correct, we are bound to presume that such a state of facts existed as warranted the court in giving the instructions." The evidence is not in the record, and appellant has not suggested

7. how it was harmed by the court's action. There was no error in giving the instruction for the further reason that it was more favorable to appellant than to appellee.

Instruction No. 15, to which objection is made, is an instruction on the measure of damages. The

8. error, if any, in the giving of such an instruction is waived by the failure of appellant to

MAY TERM, 1920. 619

Kokomo Steel, etc., Co. v. Macomber, etc., Co.—73 Ind. App. 619.

assign, as a cause for a new trial, that the verdict is excessive. *Indianapolis, etc., R. Co.* v. *Sample* (1915), 58 Ind. App. 461, 108 N. E. 400.

It is further claimed by appellant that a new trial should be granted on the ground that appellee's counsel were guilty of misconduct in the closing argument to the jury. A reversal will be ordered by this court on such ground, only when the improper statements were of such a material character as to make it appear probable that they were the means of procuring a wrong verdict. *Roose* v. *Roose* (1896), 145 Ind. 162, 44 N. E. 1. Nor will a cause be reversed for misconduct of counsel in making statements outside the evidence in argument to the jury, when such statements were in answer to remarks equally as reprehensible made by opposing counsel. *Galvin* v. *Meridian Nat. Bank, etc.* (1891), 129 Ind. 439, 28 N. E. 847. It appears from the record that the most objectionable statements made by counsel for appellee were in response to statements equally objectionable made by counsel for appellant. The trial court admonished the jury to disregard the statements to which objection was made, and there is nothing in the record to indicate that the statements not made in reply to, and provoked by, objectionable remarks of opposing counsel were of such a character as to have influenced the jury.

There is no reversible error. Judgment affirmed.