NOVEMBER TERM, 1923.        639

Indianapolis, etc., Traction Co. *v.* Monfort—80 Ind. App. 639.

INDIANAPOLIS AND CINCINNATI TRACTION COMPANY
*v.* MONFORT.

[No. 11,481.   Filed June 5, 1923.   Rehearing denied October 24, 1923.   Transfer denied December 21, 1923.]

1. RAILROADS.—*Interurban.*—*Crossing Accidents.*—*Rails Electrified.*—*Evidence.*—*Sufficiency.*—Evidence that, for several days prior to an accident, witnesses had seen flashes of light passing between the joints of the rails of an interurban railroad at the place of the accident and that horses had received shocks of electricity from the rails in that vicinity, is sufficient to justify a jury in finding that the tracks were charged with electricity at the point where the accident occurred.   p. 641.

2. RAILROADS.—*Interurban.*—*Rails Electrified.*—*Evidence.*—In an action against an interurban railroad for injuries received by plaintiff by reason of the horse he was driving becoming frightened while crossing the interurban tracks and running away, the theory of the complaint being that the horse received a shock from the electrified rails which caused his fright, evidence that other horses were shocked at the same crossing is admissible.   p. 641.

3. NEGLIGENCE.—*Evidence.*—*Collateral.*—*Admissibility.* — In an action for injuries received by reason of the negligence of the defendant in maintaining a certain condition, collateral evidence is admissible to show the happening of prior occurrences of a similar character under the same circumstances as the one involved, on the ground that it tends to show that the place of the happening of an accident had been demonstrated to be unsafe and dangerous.   p. 641.

4. ELECTRICITY.— *Dangerous Character.*— *Instruction.*— In an action for personal injuries received by reason of plaintiff's horse which he was driving becoming frightened at an interurban crossing by a shock from electrified rails, an instruction which authorized the jury to take into consideration the dangerous character of the electric current was not erroneous, although there was no evidence of such character, as the jury was not required to shut its eyes to the existence of such dangerous agency.   p. 643.

5. ELECTRICITY.—*Instruction.*—*Reversible Error.*—In an action for personal injuries resulting from plaintiff's horse running away after becoming frightened while being driven over an electric railroad crossing, claimed due to an electric shock, an instruction that in determining whether the "bonding" of the rails was defective and whether there was a leakage of

640    APPELLATE COURT OF INDIANA,

Indianapolis, etc., Traction Co. v. Monfort—80 Ind. App. 639.

electric current, as alleged in the complaint, the jury should consider whether the earth on or near the crossing was charged with electricity, at or reasonably near the time of the injury, whether the electric current would leak from the rails if the bonding thereof was in good condition, whether other horses suffered an electric shock at said crossing under similar circumstances and at a time reasonably near to the accident, whether electric sparks or flashes were seen at the joints of the rails on or close to the crossing, was not erroneous, especially when snow had fallen the night before and the ground was moist, the snow having fallen on a dry surface.  p. 643.

6.  EVIDENCE.—*Presumption.*—*Proof to Sustain.*—Presumptions of fact are inferences which enlightened common sense and experience may draw from the connection and coincidence of facts and circumstances with each other, so that, if the fact in question necessarily accompanies, or is usually associated with, certain other facts and circumstances, such associated facts and circumstances are admissible in evidence as tending to prove or as affording a basis for an inference of fact.  p. 644.

7.  EVIDENCE.—*Failure to Produce.*—*Effect.*—The failure of a party to produce evidence peculiarly within his knowledge and control, and which would have an important bearing on the facts in dispute, warrants the inference that it would be unfavorable to his contention, especially where he has the burden of proof or the other party has made a *prima facie* case.  p. 645.

From Decatur Circuit Court; *Alonzo Blair,* Special Judge.

Action by Elmore M. Monfort against the Indianapolis and Cincinnati Traction Company.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Thomas E. Davidson* and *Donald L. Smith,* for appellant.

*Myron C. Jenkins,* for appellee.

NICHOLS, J.—This is the second appeal of this case. The opinion of the Supreme Court in the first appeal is reported under the title of *Monfort* v. *Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 128 N. E. 842.

The only error presented in this appeal is the action of the court in overruling appellant's motion for a new trial.

The facts involved are substantially as set out in the former opinion, and we do not need here to repeat them.

1. Appellant contends that the verdict is not sustained by the evidence for the reason that there was no evidence that the rails of appellant were carrying any electric current at the time of the accident. But it appears by the evidence that witnesses had seen flashes of light passing between the joints of the rails at the place of the accident before the accident, and especially for two or three days theretofore, and that other horses had received shocks of electricity at various times before the accident to appellant occurred, this evidence being substantially as in the former trial. The Supreme Court in the former opinion says that such evidence was sufficient to justify the jury in finding that the tracks were charged with electricity at the crossing involved, which it did so find by its general verdict at the last trial.

Appellant complains that evidence of other horses being shocked at the crossing where the accident occurred is not admissible. But we cannot agree

2, 3. with this contention. It is a well-established principle that collateral evidence is admissible to show the happening of prior occurrences of a similar character under the same circumstances as the one involved, upon the ground that it tends to show that the place of the accident had been demonstrated to be unsafe and dangerous. *Brady v. Manhattan R. Co.* (1891), 127 N. Y. 46, 27 N. E. 368. Gillett, Indirect and Collateral Evidence §63, says: "This doctrine has been applied to cases where persons, driving upon a street or highway, have been injured by a defect in the way, as the fact of prior accidents tends to show the unfitness of the way for public travel." A person traveling on a public highway has a right to expect such

highway to be free from unusual dangerous agencies put in such highway by others. Thompson, Law of Electricity §78; *Valparaiso Lighting Company* v. *Tyler* (1911), 177 Ind. 278, 96 N. E. 768.

In *Cleveland, etc., R. Co.* v. *Newell* (1885), 104 Ind. 275, 3 N. E. 836, 54 Am. Rep. 312, an injury was caused by the breaking of one of appellant's rails, and one of the questions involved was as to the admissibility of evidence of other rails having been broken shortly before at the same place, and the court holding that such evidence was admissible says: "The fact that a number of such rails, so adjusted, had broken in quick succession at the same place, would tend to invite attention to that place, and also to raise an inference that the roadway was defective. This inference will be strong or weak, in proportion to the number and rapidity of such occurrences. But whether strong or weak, it was competent to be considered for what it was worth."

The case of *Louisville, etc., R. Co.* v. *Lange* (1895), 13 Ind. App. 337, 41 N. E. 610, involved a question of damages from fire and the court says: "The evidence of other fires started along the line of the road by appellant's engines about the time of the occurrences in controversy was properly admitted under the authority of *Evansville, etc., R. Co.* v. *Keith*, 8 Ind. App. 57." This case admitted evidence of other fires on the ground that it tended to show the negligent habits of the officers and agents of the railroad company. Other authorities holding the competency of such evidence are: *Ft. Wayne* v. *Coombs* (1886), 107 Ind. 75, 7 N. E. 743; *Gagg* v. *Vetter* (1872), 41 Ind. 228, 13 Am. Rep. 322; *Cleveland, etc., R. Co.* v. *Wynant* (1888), 114 Ind. 525, 17 N. E. 118, 5 Am. St. 644; *Louisville, etc., R. Co.* v. *Wright* (1888), 115 Ind. 379, 16 N. E. 145, 17 N. E. 584, 7 Am. St. 432; *William Laurie Co.* v. *McCullough* (1910), 174 Ind. 477, 90 N. E. 1014, 92 N. E. 337;

*United States* v. *Great Northern R. Co.* (1915), 220 Fed. 630, 136 C. C. A. 238; Note 32 L. R. A. (N. S.) 1087; Thompson, Negligence §370; *Calkins* v. *City of Hartford* (1865), 33 Conn. 57, 87 Am. Dec. 194.

Appellant complains of instruction No. 2, requested by appellee and given by the court, because such instruction stated that, "If defendant, in operating its railway line transmitted or ran on the rails of said line, powerful currents of electricity, etc." Appellant says that there was an entire failure of proof of any powerful current being transmitted by the rails. But we do not so interpret the evidence. As mentioned above there was evidence of numerous horses having been shocked at the crossing of appellant's tracks where the injury complained of occurred and of flashes and sparks of electricity from the rails at said crossing. This evidence was sufficient to justify the challenged statement in the instruction.

Instruction No. 7, requested by appellee and given by the court, is challenged by appellant because it authorized the jury to take into consideration the dangerous character of the electric current and its capacity for injury to persons coming in contact therewith. Appellant objects to this instruction for the reason that it is not supported by any evidence. We think otherwise. There was evidence from which the dangerous character of electricity could readily be inferred by the jury, but, even if there had been no such evidence, the jury is not required to shut its eyes to the existence of such a dangerous agency.

Instruction No. 9 contains a statement that, "In determining whether the bonding of defendant traction company's rails were defective and whether there was a leakage of electric current, as alleged in the complaint, you should consider whether or not the earth on or near said crossing was charged with

electricity at or reasonably near the time of the said injury; whether the electric current would leak from said rails if the bonding thereof were in good condition; whether other horses suffered an electric shock at said crossing under similar circumstances and at a time reasonably near to the occurrence alleged in the complaint; whether electric sparks or flashes were seen at the joints of the rails on or close to said crossing, and, if so, whether such sparks or flashes indicated a defective bonding of said rails in so far as these matters are shown in evidence, together with all the other evidence upon said question." The first part of the instruction is challenged by appellant. But there was evidence that there had been a snow the night or day before, and that the ground was moist or damp, and that the snow had fallen on a dry surface. With this evidence and other evidence of like character, the giving of the instruction was not reversible error.

Instruction No. 10, which is objected to by appellant, reads as follows: "While it is necessary for the plaintiff to offer some evidence tending to prove each material averment of his complaint, it is not necessary that such evidence shall be direct, but any fact necessary to constitute plaintiff's cause of action may be proved by circumstantial evidence as well as by direct testimony, if the jury finds that such fact is fairly to be inferred from all the circumstances in evidence together with all other evidence introduced tending to prove or disprove such averment."

Appellant says that while negligence may be inferred from facts, facts must be established by evidence and not inferred. The Supreme Court in *City of Indianapolis* v. *Keely* (1906), 167 Ind. 516, 79 N. E. 499, has fully answered appellant's contention in the following language: "Presumptions of fact are inferences which enlightened common sense and experience may draw

from the connection, relation, and coincidence of facts and circumstances with each other. If the fact in question necessarily accompanies, or is usually associated with, certain other facts and circumstances, such associated facts and circumstances are admissible in evidence as tending to prove or affording the basis for an inference of the existence of the disputed fact." Other authorities to the same effect are: *Indianapolis, etc., R. Co.* v. *Thomas* (1882), 84 Ind. 194; *Union, etc., Ins. Co.* v. *Buchanan* (1885), 100 Ind. 63; *Seibe* v. *Heilman Machine Works* (1906), 38 Ind. App. 37, 77 N. E. 300; *Evansville, etc., Co.* v. *Loge* (1908), 42 Ind. App. 461, 85 N. E. 979.

Appellant complains that the court refused to give the following instruction tendered by it: "If you find from the evidence in this case that the rails of 7. the defendant which were in the highway in the town of Adams which plaintiff crossed on March 16, 1914, were not connected permanently with any wire or other apparatus carrying electric current, and you further find that the only time any current whatever passed through said rails so laid in the highway of Adams was when an electric car of the defendant was moving between the circuit breaker west of Adams and near the town of St. Paul and said street crossing in the town of Adams at which it is alleged the plaintiff crossed, then unless it has been shown by a preponderance of the evidence that at the time the plaintiff crossed the tracks of the defendant in the town of Adams an interurban car was operating with its trolley wires at some point west of said crossing and east of the circuit breaker near the town of St. Paul, your verdict should be for the defendant." This instruction was given except that the expression, *"unless it has been shown by a preponderance of the evidence,"* was changed to read *"unless it has been shown by the evi-*

*dence of whatsoever class it may be."* (Our italics.) Appellant contends that it was incumbent upon appellee to prove the matters and facts pertaining to this instruction, and that therefore they should be established by a preponderance of the evidence. We do not, however, so understand the law. The fact as to whether there was a car or cars between the two points mentioned in the instruction was not within the knowledge of appellee, but was peculiarly within the knowledge of appellant, and assuming that the jury would find that the facts were as stated in the instruction, then, in the absence of evidence that there was no car within the limits involved, the jury would be justified in finding as a fact that the car was there. "The failure or refusal of a party to produce evidence peculiarly within his knowledge and control, and which would have an important bearing upon the facts in dispute, warrants the inference that it would be unfavorable to his contention, especially where he has the burden of proof, or the other party has made a *prima facie* case." 9 Ency. Evidence, pp. 958, 959, citing, *Westervelt* v. *National Mfg. Co.* (1903), 33 Ind. App. 18, 69 N. E. 169; *Western Union Tel. Co.* v. *McClelland* (1906), 38 Ind. App. 578, 78 N. E. 672; *Second Nat. Bank* v. *Gibboney* (1909), 43 Ind. App. 492, 87 N. E. 1064; *Indiana Union Traction Co.* v. *Scribner* (1911), 47 Ind. App. 621, 93 N. E. 1014; *Haskell, etc., Car Co.* v. *Timm* (1919), 73 Ind. App. 612, 122 N. E. 788, 790. It was not error to refuse the instruction.

We find no reversible error.

Judgment affirmed.