SNIDER *v.* TRUEX ET AL.

[No. 27,899. Filed December 1, 1943.]

*John Wilfred Niemiec,* of South Bend, for appellant.

*Robert E. Proctor, Thomas G. Proctor,* and *D. M. Hoover,* all of Elkhart, and *Parker, Crabell, Crumpacker, May, Carlisle & Beamer,* of South Bend, for appellees.

O'MALLEY, J.—The appellee sued appellant and appellee Bankers Life Company of Des Moines, Iowa. The suit grew out of a collision between a "mail truck" driven by appellee Truex and an automobile driven by appellant. At the time of the accident appellant was employed by appellee Bankers Life Company of Des Moines, Iowa. The matter was submitted to a jury who found in favor of Bankers Life Company of Des Moines, Iowa and in favor of appellee as against appellant.

There are but two questions raised by the brief of appellant:

1. That appellee's attorney was guilty of misconduct prejudicial to appellant.
2. That the appellee was guilty of contributory negligence as a matter of law.

During the trial counsel for appellee called appellant to the witness stand and questioned him with reference to his connections with the Bankers Life Company of Des Moines, Iowa. The questions asked pertained to the ownership of the car, by whom payment was made for gasoline, oil and repairs, and whether or not appellant used the car in soliciting insurance and collecting premiums. While the defendants had by answer admitted that the appellant was employed by the Bankers Life Company of Des Moines, Iowa, it was specifically denied that he was acting in the furtherance of the business of the Bankers Life Company of Des Moines,

Iowa at the time of the collision. In the course of this examination of appellant this question was asked: "Don't answer this question until they object, if they desire. Mr. Snider, I will ask you whether or not on October 15, 1937, the Bankers Life Company carried a policy insuring against public liability and property damage, the automobile described as the Plymouth which you say you operated both for business and for pleasure." Objection was made and sustained.

The appellant then moved to withdraw the case and discharge the jury for the reason that the asking of the question constituted prejudice which could not be removed by instruction.

From the record we feel that appellee's attorney was attempting to show the relationship of the defendants in order to make a case against the Bankers Life Company of Des Moines, Iowa. If the code-fendant carried the insurance on the car, paid for the gasoline and oil that it burned or paid for its repairs, certainly each would have been some evidence that appellant was acting in the furtherance of his master's business at the time of the collision. The authorities cited and relied on by appellant, to-wit: *Martin* v. *Lilly* (1919), 188 Ind. 139, 121 N. E. 443, and *Helton* v. *Mann* (1942), 111 Ind. App. 487, 40 N. E. (2d) 395, are not controlling. In each of the above cited cases, the record plainly disclosed the misconduct and that it was prejudicial to the complaining party, while in the instant case the inquiry concerned the relationship of the parties. Under appropriate circumstances, this inquiry may be permissible, and in this instance we can see no error. *McDonald* v. *Swanson* (1937), 103 Ind. App. 171, 1 N. E. (2d) 684.

The remaining question necessitates an examination of the evidence of appellee on cross-examination. The

appellant puts stress on the evidence adduced from appellee on cross-examination, wherein the appellee stated that he saw appellant's car coming toward the intersection but that appellant was looking to his right and not ahead toward the intersection and as far as appellee knew the appellant never did look ahead to the intersection. The cross-examination also disclosed that appellee · blew his horn once, and kept on with his business of driving, but that he sort of glanced at appellant's car and concluded he had sufficient time to get through the intersection before appellant reached it. The appellant claims that this evidence coming from appellee makes the appellee guilty of contributory negligence as a matter of law. The burden of proving contributory negligence was on appellant. § 2-1025, Burns' 1933, § 129, Baldwin's 1934.

The evidence of appellee on direct and cross-examination contains many conflicts and contradictions, and when you also consider that appellant himself, while testifying, denied that he was looking to the right and away from the intersection, then it is difficult to see how we can say as a matter of law that the appellee was guilty of contributory negligence. In *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368, 373, 73 N. E. 816, 817, this court said:

> "It is only where there is no dispute as to the controlling facts, and no room for different conclusions upon the part of reasonable minds as to the question of contributory negligence, that it becomes a question of law for the court."

In *Diamond Block Coal Co.* v. *Cuthbertson* (1906), 166 Ind. 290, 299, 76 N. E. 1060, 1062, 1063, the appellant made the same claim as in the instant case, that the evidence of appellee proved contributory negligence as a matter of law, but this court decided against that

contention. There this court, paraphrasing their contentions, said:

"They do not ask that we weigh the evidence, but that we consider the testimony given by appellee as a witness on the trial, and then apply the law to the facts sworn to by him, and thereby determine the question of his contributory negligence."

In the case of *Lincoln Nat. Bank & Trust Co.* v. *Parker* (1941), 110 Ind. App. 1, 8, 34 N. E. (2d) 190, 192, 193, that court in discussing a question similar to the one at hand said:

"When this court says that it will not weigh evidence or determine the credibility of witnesses, it does not mean, only, that it will not weigh the testimony of one witness as against the conflicting testimony of another witness. It also means that it will not weigh one portion of the testimony of a witness as against another portion of conflicting testimony of the same witness. If a particular witness, while testifying, makes assertions that are contradictory, this court, on appeal, will not determine which of the assertions are true."

On an appeal, when the sufficiency of the evidence to sustain a verdict is questioned, the court must consider only the evidence most favorable to appellee, excluding all conflicting evidence favorable to appellant. It is for the jury to reconcile, to reject, or accept part of disputed or confusing testimony even when made by the same witness and that witness is a party to the action. This court will not weigh the evidence. *Monfort* v. *Indianapolis, etc., Traction Co.* (1920), 189 Ind. 683, 686, 128 N. E. 842, 843.

Applying these rules of law to the evidence, we feel that appellant has shown no error.

Judgment is affirmed.

NOTE.—Reported in 51 N. E. (2d) 477.