STATE EX REL. ROGERS *v.* DAVIS, JUDGE

[No. 28,885. Filed March 14, 1952. Rehearing denied April 9, 1952.]

*Key & Latham,* of Indianapolis, for petitioner.

*Hon. Joseph H. Davis,* of Muncie, *pro se.*

GILKISON, C. J.—This is an original action brought by the relator to mandate the respondent, Judge of the Delaware Circuit Court, to appoint relator as a member of the Voters Registration Board of Delaware County.

It is shown in the verified petition that relator is a qualified resident voter of the county. That on December 20, 1951 and for approximately four years prior thereto one William Connolly was the duly elected and acting chairman of the democrat party of Delaware County. That the democrat party cast the next highest vote for Secretary of State of Indiana in the county at the general election in 1950, the republican party having cast the highest.

That Delaware County has a population in excess of 80,000 persons as determined by the last preceding United States census, as certified by the governor of Indiana on February 13, 1952, which certification, omitting caption, date and signature, is as follows:

"This is to certify that according to the official Census Record deposited in the Office of the Gov-

ernor of the State of Indiana, under the date of April 1, 1950, the census of Delaware County is 90,252."

That on December 20, 1951 the democratic chairman of Delaware County, Indiana selected relator as the democratic member of the Voters Registration Board of the county, which selection was put in writing and mailed to respondent by registered mail. On the same date respondent, by letter, in substance refused to make the appointment, but said the matter would be carefully studied.

It is also alleged in the verified petition, that the county chairman of the republican party of the county on the same date in writing recommended one Pansy Rowe as the republican member of the Voters Registration Board of the county.

That the respondent failed and refused to appoint either of the persons so recommended, and still fails and refuses to make such appointments.

An alternative writ of mandate was issued and duly served on respondent.

Respondent by his response contends that the Voters Registration Act as amended by Acts 1949, Ch. 272, pp. 988 to 996 inclusive is unintelligible in that it requires that two registration officers be appointed to serve until January 1, 1947 and that on the first day of January, 1947, and on the same day of the same month of each odd numbered year thereafter, the judge of the circuit court of the county shall appoint two members of the board of registration upon the written recommendations of the respective county chairmen, etc. We think the apparent confusion is due to the fact that the Act of 1949 is an amendment of an amendment of Acts 1947, Ch. 120, p. 364, §3, pp. 370 to 377 inclusive, which in turn is an amendment of

Acts 1945, Ch. 208, p. 680, §50, pp. 711 to 718 inclusive. With respect to the matters about which the contention is made, many of the same sentences are used in the 1949 and 1947 amendments as were used in the original Act of 1945. Of course, the words, perfectly intelligible when the original Act was passed, seem inept when considered only as having been passed in 1949. The duty to appoint the first members of the Voters Registration Board in counties having a population of eighty thousand or more when the act was passed in 1945, and to appoint their successors in 1947, as provided for by the Act, presumptively, long since has been performed. But the duty of the judge of the circuit court to appoint successors to these, on the same day of the same month of each odd numbered year thereafter remains an essential part of the registration law.

It has been well stated that:

"The primary object of statutory construction is to ascertain and effectuate the intent of the legislature as shown by the whole act, the law existing before its passage, the changes made and the apparent motive for making them."

*City of Lebanon* v. *Dale* (1943), 113 Ind. App. 173, 178, 46 N. E. 2d 269; *Haynes Automobile Co.* v. *City of Kokomo* (1917), 186 Ind. 9, 12 and cases cited, 114 N. E. 758. It has been held by this court that,

"A construction of a statute by the legislature, if clearly indicated by subseqeunt enactments, whether valid or not, will be given consideration by the courts. . . ."

*Bettenbrock* v. *Miller* (1916), 185 Ind. 600, 605, 112 N. E. 771.

The registration law in question is an integral part of the Indiana Election Code, (Acts 1945, Ch. 208, §1,

p. 680. §29-2801, Burns' 1949 Replacement) containing 458 sections, 31 sections of which from §45 to §76 inclusive are devoted to the registration of voters. This code was substantially amended in 1947, Acts 1947, Ch. 120. The registration law was amended by §3 of the latter Act. It was again amended by Acts 1949, Ch. 272, §29-3406, Burns' 1949 Replacement. These several amendments indicate that by the registration law noted the legislature intended it to apply not only to conditions existing on the date of its enactment but to any change in conditions arising thereafter so long as the law remains in effect. It provides a special plan for the registration of voters in counties having a population of eighty thousand or more thus:

"In and for any county having a population of eighty thousand or more as shown by the last preceding United States census the judge of the circuit court in any such county shall appoint the two members of said board of registration, one each from the two political parties which cast the highest and the next highest number of votes for secretary of state in such county at the last preceding general election and who shall be legal voters of such county; such appointments shall be made within ten days after the judge of the circuit court shall have received the respective written recommendations for said appointments from the two county chairmen of the said two political parties and the judge of the circuit court shall appoint such nominees. . . . Should any vacancies occur on said board they shall be filled in like manner as original appointments are made: . . .

"In all counties having a population of eighty thousand or more as shown by the last preceding United States census the boards of registration hereinbefore created shall have the authority to appoint the deputy registration officers for such counties in the same manner, with the same duties, same rate of compensation, under the same recommendations, as provided for in this section. . . .

" . . . the boards of registration shall also have the authority to employ all necessary clerical help, whose salaries shall be fixed by the boards of county commissioners at not less than seventy-five dollars nor more than two hundred fifty dollars per month, for clerical help: . . . "

Acts 1949, Ch. 272, pp. 992, 995. §29-3406, Burns' 1949 Replacement.

By this law we think the legislature took cognizance that Indiana is growing in population, and made efficient plans for the registration of voters in those counties having a population of eighty thousand or more at the time the law was enacted, and likewise for those counties that should attain or surpass that population at any time thereafter.

Since it is conclusively shown that Delaware County had a population of 90,252 according to the census of 1950, there can be no doubt that under the registration law a registration board should have been appointed for the county by the respondent on January 1, 1951. Apparently the county chairmen of the political parties casting the highest and next highest vote for secretary of state in the county at the 1950 general election did not recommend appointees for the registration board until December 20, 1951. It is conclusively shown that such recommendations were received by respondent on that date. In this situation it was clearly respondent's duty to make the appointment as recommended not later than ten days after that date. The appointees, agreeable with the statute, will hold their positions until January 1, 1953, at which time their successors should be appointed in the manner provided by the statute.

We have heretofore held that the duty of a respondent judge to make the appointment of members of the

board of voters registration upon the recommendation of the county chairmen of the parties that cast the highest and next highest vote for Secretary of State at the last general election, is "but a ministerial act on the part of respondent judge which act is a duty imposed by law." *State ex rel. Buttz* v. *Marion Circuit Court* (1947), 225 Ind. 7, 21, 72 N. E. 2d 225, 232.

It is therefore ordered and adjudged that respondent, Joseph H. Davis, as Judge of the Delaware Circuit Court be and he is hereby mandated to appoint a Voters Registration Board for Delaware County, Indiana and to appoint relator, Jesse Rogers, as the democratic member thereof, to serve as such until January 1, 1953, or until his successor shall have been appointed and qualified as is provided by law.

NOTE.—Reported in 104 N. E. 2d 382.