CITY OF TERRE HAUTE *v.* DECKARD.

[No. 30,279. Filed June 28, 1962. Rehearing denied September 25, 1962.]

*Frank P. Crawford,* City Attorney of Terre Haute, for appellant.

*Robert H. Duffy,* of Terre Haute, and *James P. Savage,* of Clinton, for appellee.

LANDIS, J.—This case[1] comes to us on petition to transfer from the Appellate Court under Burns' §4-215 (1946 Replacement), Acts 1933, ch. 151, §1, p. 800, the Appellate Court's opinion appearing in 175 N. E. 2d 141.

Appellee brought this action against appellant City of Terre Haute to recover damages for personal injury and property damage allegedly sustained by appellee when a motor vehicle operated by appellee was struck from behind by a police car owned by appellant City and operated by a police officer. The police car was apparently on its way to the scene of a fire when the accident occurred. Trial was had by a jury, resulting in a verdict and judgment for appellee in the sum of $30,000.

This action is authorized by Burns' §47-2030a (1952 Replacement), Acts 1945, ch. 197, §1, p. 635.[2]

Among the errors assigned on this appeal are the overruling of appellant's motion for new trial and

---

1. This case was first assigned to the writer on June 20, 1962.

2. "Whenever any injury to the person or property of another is caused by the negligent operation of a motor vehicle owned by a municipal corporation and operated by a member of the police or fire department while such member is engaged in the performance of his duties as a police officer or fireman, and, without any contributory negligence upon the part of such injured person or owner, the municipality in whose behalf such member of such police or fire department is performing such duties, at the time, shall be liable for such injury, or damage to property."

motion for remittitur, filed respectively 21 and 29 days after the verdict of the jury, attempting to raise for the first time as a part of its defense, matter in mitigation of damages, to-wit: that appellant had taken out a policy of liability insurance in the amount of $10,000 covering the automobile accident sued on and that under an applicable statute[3] re-

3. "State or municipal corporations—Liability and property damage insurance—Coverage—Limitations—Contracts for hire with private owners—Provisions in policies.—The state, or any municipal corporation thereof, is hereby empowered to purchase policies of insurance insuring the officers, appointees, agents and employees of the state or municipal corporation against loss or damage because of the liability imposed by law upon such officers, appointees, agents and employees for loss or damage resulting from bodily injury to, or death of, or property damage sustained by, any person or persons, caused by accident and arising out of the ownership, maintenance, hire, or use of any motor vehicle owned by the state or such muncipal corporation, and any real or other personal property whatsoever, owned, hired, or used by the state or such municipal corporation, in the business of the state or such municipal corporation, and to pay the premiums thereon out of public funds. In no event shall the state or any municipal corporation thereof, be liable, in any case, in any amount in excess of the maximum amount of valid insurance in full force and effect and covering the particular motor vehicle or particular real or personal property involved in the accident causing such loss or damage: Provided, That wherever the state or any municipal corporation thereof enters into a contract for the hire or use of any automobile owned and operated by a private individual, such insurance, as set out above, shall be purchased by the owner of such automobile and funds for the payment thereof may be included in the contract for hire. No such policy of insurance shall be purchased by or issued or delivered to the state or to any municipal corporation thereof by any insurance carrier unless such carrier is duly authorized to transact such insurance business within the state of Indiana, and the policy so issued shall conform to the requirements of chapter 162, article IX, sec. 177 of the Acts of 1935 [§39-4309], nor unless there shall be contained within such policy a provision that if there arises or may arise a claim, suit or cause of action in relation thereto, such insurance carrier will not set up, as a defense, the immunity of the state or of such municipal corporation, but such insurance carrier shall be permitted to plead and interpose every other defense that would be available to the insured if such insured were a natural person or a private corporation. In no event shall the insurance carrier be liable, in any case, in any amount in excess of the maximum amount named in the policy of insurance." Burns' §39-1819 (1952 Repl.), being Acts of 1941, ch. 52, §2, p. 146.

covery was limited to the amount of such policy and that the excess of $20,000 over said policy limit of $10,000 was therefore excessive and should be set aside. No evidence was introduced in support of the motion for remittitur or the motion for new trial nor was the insurance contract relied on therein set out in the motions or anywhere in the record.

At the outset we should observe that Art. 1, §20, of the Constitution of Indiana provides: "In all civil cases, the right of trial by jury shall remain inviolate." The case before us was an action in tort for damages and was therefore a civil cause in which the parties were entitled to a trial by jury. See: *Allen* v. *Anderson* (1877), 57 Ind. 388.

The authorities throughout the country as to the pleading and proof of matter in mitigation of damages are set forth in 25 C. J. S., Damages, §142, p. 780, as follows, to-wit:

"According to some authority matters in mitigation of damages may be shown under an answer containing a general denial only, and need not be specially pleaded, while according to others matters in mitigation to be available as an issue must be specially pleaded by defendant. In still other jurisdictions, the rule is that it is only new matter in mitigation that must be specially pleaded, and that anything in evidence which tends to disprove the amount of damages alleged is still competent under the general issue and must be considered by the jury along with the other testimony in the case."

It has been the settled rule in Indiana that evidence in mitigation of damages is admissible under what has been known as an answer of general denial except in actions of libel and slander where it may be specially pleaded. *Mosier* v. *Stoll et al.*

(1889), 119 Ind. 244, 249, 20 N. E. 752, 754; *Walker* v. *Johnson* (1893), 6 Ind. App. 600, 605, 33 N. E. 267, 269, 34 N. E. 100; *Smith and Smith* v. *Lisher* (1864), 23 Ind. 500, 502. See also: *Pittsburgh, etc. R. Co.* v. *Higgs* (1906), 165 Ind. 694, 702, 76 N. E. 299, 302, 4 L. R. A. (N. S.) 1081, 1088, wherein it was held that where a defendant railroad company relies upon a contract to defeat plaintiff's action for damages for its negligence, it must set out such contract as an answer.

There can be no question but that the matter in mitigation raised by appellant for the first time in its motion for new trial and motion for remittitur presented *an issue of fact* by which it attempted to avoid liability or partial liability for the damages asserted by appellee in the action. The evidence as to the existence of liability insurance covering the instant automobile accident might be one way or the other. However, it was a matter upon which the burden rested. on appellant and as it presented a factual issue similar to other defenses or partial defenses available to a defendant seeking to escape liability or partial liability for the damages claimed, it had to be presented, if at all, upon the trial of the cause, which appellant did not see fit to do.

Appellant's counsel cannot subsequently, longafter he has learned the outcome of the jury's verdict and become dissatisfied therewith, raise questions or defenses which appellant could and should have presented at the trial.

No contention has been made by appellant in this case that the matter offered in defense or mitigation was discovered for the first time after the trial, nor that it was presented to the court at the first opportunity by appellant's motion for

new trial, so as to entitle appellant to a new trial on the basis of newly discovered evidence.

It has been suggested by appellant in the case before us that it might have been inexpedient for appellant City in the trial of the instant cause before a jury to have offered proof of the policy of liability insurance insuring the City from liability for damages up to $10,000, as this could have prejudiced the jury.

However, evidence material to the establishment of a cause of action or defense cannot be considered improper or inadmissible simply because it is prejudicial. While evidence as to the existence of insurance is often inadmissible because irrelevant, there are numerous cases involving situations where evidence of insurance coverage is competent. For example, it has been recognized in the great preponderance of jurisdictions in this country, including Indiana, that evidence as to the possession of liability insurance will not be excluded in cases where its suppression would exclude evidence material to the establishment of a cause of action and the liability of a defendant sued for damages. See cases collected in annotation 4 A. L. R. 2d 761, 775; *Snider* v. *Truex* (1943), 222 Ind. 18, 51 N. E. 2d 477.

It necessarily follows that proof of insurance if necessary to establish either a cause of action or defense under the issues, is competent and may be shown.

The issue of carrying of liability insurance, if appellant desired to take advantage of it, should have been offered by appellant on the trial of the case, and by failing to do so appellant waived such defense or partial defense.

Any effort to raise this defense long after the trial of the case was improper and invaded appellee's right to have this issue of his case submitted to the jury, contrary to Art. 1, §20, *supra,* of the Indiana Constitution.

The court below committed no error in overruling the motion for remittitur and motion for new trial predicated on the belated defense of mitigation of damages.

Appellant further contends the court erred in giving plaintiff's-appellee's Instruction No. 1, which reads as follows:

"The Court instructs the jury that while it is necessary for the plaintiff to offer some evidence tending to prove each material allegation of his complaint, it is not necessary that such evidence shall be direct, but any fact necessary to constitute plaintiff's cause of action may be proved by circumstantial evidence as well as by direct testimony if the jury finds that such fact is fairly to be inferred from all the circumstances in evidence, together with all other evidence introduced tending to prove or disprove such allegation."

Appellant objected to this Instruction as follows:

"Defendant objects to plaintiff's instruction number One (1) to be given by the Court to the jury in this cause, for the reason that said instruction at line five (5) therein tells the jury that plaintiff may prove his case by circumstantial evidence, when in fact, there was no circumstantial evidence, introduced in the trial of this cause. Thus, said instruction misled the jury with respect to the proof of facts necessary to prove the material allegations of plaintiff's amended complaint and said instruction did not, nor did any other instruction offered by plaintiff, define the term 'circumstantial evidence', thereby leaving the jury to make its own determination as to what circumstantial evidence was. And the jury could under this instruction assume that inferences to be drawn from direct evidence would

be circumstantial evidence and therefore said instruction is contrary to law."

Under Rule 1-7 of this Court, no error with respect to the giving of instructions shall be available as cause for new trial or on appeal, except upon the specific objections made at the proper time in the trial court.

Contrary to the statement in appellant's objection, as cause for refusing the instruction, there was circumstantial evidence introduced before the jury, and therefore the objection is untenable on this ground. Appellant's objection that the instruction did not define the term "circumstantial evidence" is not meritorious, as appellant was required if it desired a fuller statement of the law to be made, to tender such an instruction correctly expressing a more complete statement of the law.[4] Appellant's objection is not sufficiently specific as to the respect in which this instruction was prejudicial or the jury misled, and we cannot conclude the giving of the instruction was reversible error. See also: *Indianapolis, etc., Traction Co.* v. *Monfort* (1923), 80 Ind. App. 639, 139 N. E. 677, where an almost identical instruction was held not erroneous upon similar objections tendered to it.

Appellant also argues the court committed error in giving appellee's Instruction No. 15, which is as follows:

"If you find from the fair preponderance of the evidence that the plaintiff is entitled to recover, then in determining his damages you should take into consideration the nature and extent of his injuries received from the collision in contro-

4. See cases collected in §55.18, Lowe's Rev. of Works' Ind. Pract., and Flanagan, Wiltrout and Hamilton, Indiana Tr. and App. Pract., §1510(4).

versy; whether such injuries are permanent or temporary, any mental or physical pain or suffering he has suffered and will suffer in the future, such expenses as he has been required to expend if any, and will be required to expend in the future, and give him such amount in damages as will, under the evidence, compensate him for the injuries he has sustained, but not more than the sum of One Hundred Thousand Dollars ($100,000.00), the amount prayed for in plaintiff's complaint."

Appellant's objection was as follows:

"The defendant also objects to plaintiff's instruction number fifteen (15) to be given by the Court to the jury in this cause for the reasons that said instruction advises the jury that it may consider *any* [our emphasis] mental or physical pain or suffering plaintiff has suffered and will suffer in the future without limiting said instruction on said pain to the injuries actually suffered, if any. And for the further reason that said instruction allows the jury to consider damages which would be speculative. And for the further reason that it allows the jury to consider as damages matters not proved by the evidence in this cause both with respect to medical expenses and with respect to property damage."

The substance of this objection is that it permits the jury to consider elements of pain and suffering, medical expense and property damage not shown by the evidence.

The objection is not well taken. There is an abundance of evidence in the record of prior pain and suffering and the prospect of further pain and suffering in the future. There is evidence of substantial medical expense in the past and of the prospect of additional medical expense in the future, although such expenses were not reduced to specific total amounts.

We believe the case of *Indianapolis Traction, etc., Co.* v. *Hensley* (1917), 186 Ind. 479, 495, 115 N. E.

934, 940, 117 N. E. 854, involved a similar question to that presented in the case at bar. In that case the Court stated:

"The second objection to this instruction is based on appellant's contention that although the evidence indicates that appellee employed physicians and made other efforts to effect a cure of his injuries, there is no evidence as to the amounts, if any, which he expended or as to the obligations which he may have incurred on account of such efforts. Conceding this view of the record, we are not unmindful of decisions that seem to sustain the proposition that instructions authorizing a recovery for elements of damage which come within the issues, but are not established by proof, are presumptively harmful. On the other hand, authority is even more abundant in support of the rule that the jury will not be presumed to have awarded compensation for a loss not fully shown by the evidence. The latter presumption is at least not inferior in its importance and should not give way to the former, however applicable in a proper case, unless the record presents strong evidence that the jury based its award, in part, at least, on an element of damage which required definite proof and, in so doing, must necessarily have entered the realm of speculation. . . ."

In the case before us, there was evidence of damage in the record equal to the amount of the jury's verdict. Under such evidence we cannot say the jury, in reaching the amount of their verdict, based the same purely on speculation or conjecture.

The judgment is affirmed.

Arterburn, C. J., and Jackson, J., concur.

Achor, J., dissents with opinion in which Bobbitt, J., concurs.

## DISSENTING OPINION.

ACHOR, J.—As I see it two primary issues are presented by this appeal. The first is whether the amount of recovery is limited by Acts 1941, ch. 52, §2, p. 146 [§39-1819, Burns' 1952 Repl.]. The second is whether or not the controlling effect of the statute was timely asserted.

Appellant has asserted in its motion for new trial and by a separate motion to require a remittitur that damages in the sum of $30,000 were in excess of the amount authorized by law since the appellant carried insurance against liability for the negligence of its officers and employees in the operation of its motor vehicles, and since by statute [§39-1819, *supra*] the liability of the appellant municipality was limited to the amount of insurance carried against liability for the specific incident, the amount of such insurance being $10,000.

The statute relied upon by appellant reads as follows:

"The state, or any municipal corporation thereof, is hereby empowered to purchase policies of insurance insuring the officers, appointees, agents and employees of the ... municipal corporation against loss ... *because of liability imposed by law* upon such officers, appointees, agents and employees for loss or damage resulting from ... injury ... sustained by, any person ... caused by accident and arising out of the ownership, ... or use of any motor vehicle owned by the state or such municipal corporation, ... No such policy of insurance shall be purchased ... unless there shall be contained within such policy a provision that if there arises ... suit ... such insurance carrier will not set up, as a defense, the immunity of the state or of such municipal corporation, ..."

"and to pay the premiums thereon out of public funds. *In no event shall the ... municipal cor-*

*poration . . . be liable, in any case, in any amount in excess of the maximum amount of valid insurance . . . covering the . . . vehicle . . . causing such . . . damage: . . ."* [Emphasis added.] Acts 1941, ch. 52, §2, p. 146 [§39-1819, Burns' 1952 Repl.].

It is the last statement quoted from the above statute and italicized by us which poses the problem which must be resolved in this case. Was the liability of the city of Terre Haute limited to the amount of insurance carried by the city upon the vehicle involved in the collision, as a result of the provision of §39-1819, *supra?*

Appellee contends that the above cited statute is not controlling of the permitted amount of recovery. In support of this contention he reasons first that Acts 1945, ch. 197, §1, p. 635 [§47-2030a, Burns' 1952 Repl.] is a subsequently enacted statute which provides for no limitation upon the liability of the municipality by reason of the insurance statute §39-1819 previously enacted, or otherwise. Furthermore, appellant asserts that the earlier adopted statute is not controlling of the later enacted statute since the former is merely an insurance statute which authorizes the state and its municipalities to purchase insurance against liability for the negligent operation of its motor vehicles by its officers, agents and employees which previously it had not been authorized to do. Therefore, appellant asserts that the 1941 statute has no application to the action at bar which is brought under the later Acts of 1945, since liability under said act is, in nowise, dependent upon any authorization contained in the earlier "insurance statute." On the basis of this argument appellant concludes that the two statutes are not in pari materia; that §39-1819 does not operate as a limitation upon

the amount recoverable under §47-2030a, pursuant to which this action was brought.

Thus it is our responsibility to analyze the two above cited statutes and determine whether or not they are, in fact, related to the same subject matter. If they are, then they must be given effect in pari materia,[1] that is, each statute must be made operative within the scope of its separate provisions. In determining this question, it is proper that we first examine §47-2030a, *supra*, under which this action was brought to determine whether, from its language, operation and effect, it can be ascertained that the legislature intended that it operate independent of the earlier adopted insurance statute §39-1819, *supra*. There is nothing in the language of the statute itself which indicates such intention. We, therefore, analyze the operational effect of the statute for the purpose of determining whether such intention might be reasonably construed therefrom.

Obviously, the purpose of §47-2030a was to establish liability on the part of appellant municipality for the negligent operation of its motor vehicles by its policemen and firemen in the performance of their initial duty, which activity constitutes a governmental function. Previously the state and its municipalities had enjoyed complete immunity from liability in the performance of such activity unless, perhaps, this immunity was waived by the purchase of insurance by the municipality under the provisions of §39-1819, which issue had not been adjudicated and regarding which the reported cases leave

---

1. "Statutes which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose are in pari materia." 82 C. J. S. *Statutes* §366, p. 801 (1953).

considerable doubt.[2] Clearly the effect of §47-2030a was to extend the liability of the municipality in the performance of this particular governmental function and establish that liability on the same basis as the liability of the municipality with respect to the same activity performed by the officers and employees of the municipality proprietary capacity.

As stated by appellee, the liability established by §47-2030a was not dependent upon the earlier insurance act §39-1819. However, it does not follow that the *amount recoverable* under the later act was not subject to the limitations of the "insurance act." The liability of the municipality for the negligent operation of its motor vehicles by its officers and employees in the performance of a *proprietary function* was not dependent upon the operation of the so-called "insurance act," yet said act clearly operated as a limitation upon the amount recoverable for such torts, in event insurance was carried covering the ability of the municipality for such torts. The so-called "insurance act" is written in broad general terms and is made to apply *under all circumstances* where municipally owned motor vehicles are operated by the officers and employees of the city and liability is imposed by law, which liability is clearly established, without limitation, in the later act. Thus the subject matter of the latter act is clearly covered by the provisions of the earlier "insurance act."

2. Acts 1941, ch. 52, §2, p. 146 [§39-1819, Burns' 1952 Repl.] provided that any municipal corporation was empowered to purhase insurance against "liability imposed by law" in the operation of its motor vehicles. The act did not state any clear purpose to extend the liability of the municipality beyond that already imposed for torts committed in the performance of *proprietary functions* by the officers and employees of the municipality. See: *Flowers* v. *Bd. of Comrs. of Vanderburgh County* (1960), 240 Ind. 668, 168 N. E. 2d 224; *Hummer* v. *School City of Hartford City* (1953), 124 Ind. App. 30, 112 N. E. 2d 891.

As above indicated, we are not here concerned with a question of statutory construction in a usual sense. Rather, we are concerned with the resulting effect of two independent statutes which bear upon the same subject matter. It is a fundamental rule that statutes which relate to the same subject matter must be considered together in pari materia in order to give effect to each, if possible, unless a clear legislative intention to the contrary appears in the language of the statutes themselves. *State ex rel. Rogers* v. *Davis* (1952), 230 Ind. 479, 104 N. E. 2d 382; *Walgreen Co.* v. *Gross Income Tax Div.* (1947), 225 Ind. 418, 75 N. E. 2d 784; *Dawson* v. *Acme Evans, Inc.* (1947), 118 Ind. App. 49, 75 N. E. 2d 553.

The fact that statutes related to the same subject matter were enacted at different times does not alter the rule. This principle of construction is applied in order to give effect to the whole statutory body of the law on related matters without regard to the time of passage of the respective acts. *Johnson* v. *City of Indianapolis* (1910), 174 Ind. 691, 93 N. E. 17; *Parvin* v. *Wimberg et al.* (1892), 130 Ind. 561, 30 N. E. 790; *Smith, etc.* v. *General Motors Corp. et al.* (1958), 128 Ind. App. 310, 143 N. E. 2d 441.

It is my opinion, therefore, that under the rules of statutory interpretation, as above enunciated, §47-2030a and §39-1819, *supra*, are in pari materia and that together they constitute the governing law of this case.

The effect of these statutes, so construed, is that the municipality is liable for the negligent operation of its motor vehicles by its policemen and firemen in the performance of their official duties, but that because the municipality had purchased insurance against this very liability such liability is, by

statute, limited to the maximum amount of the in-
surance carried by the municipality upon the vehicles
involved. In this case the maximum amount of insur-
ance coverage was $10,000.

It is argued that the facts in this case demon-
strate that such an interpretation of the statute
would effect a result which is in clear conflict with
the obvious humane purpose of the latter law. This
issue we do not decide. This court must accept the
acts of the legislature as they are written. We do
not express an opinion as to their wisdom. The public
policy of the law as expressed in the acts of the leg-
islature is for the legislature to determine. Through
it, the state may, on the one extreme, claim complete
sovereign immunity from liability for the negligence
of its officers and agents in their performance of the
governmental function with which we are here con-
cerned. On the other extreme, the legislature may
voluntarily surrender such governmental immunity
entirely. Or the legislature may, within its discretion,
limit the amount of the liability of the state and its
municipalities to either a fixed or conditional
amount. By this authority the legislature may pro-
vide protection to injured persons by providing for
the recovery of damages where such right did not
formerly exist, and at the same time protect the mu-
nicipality by limiting the amount of its liability to
the maximum amount of insurance carried against
the specific liability. This, in my opinion, is the
effect of the law as presently enacted.

However, it is here asserted for the first time
that the issue as to the statutory limitation upon the
liability of the appellant, because of the insurance
carried by appellant, was waived because that issue
was not raised in the trial court until after the con-

clusion of the trial. It is upon this contention that the majority opinion is based.

In my opinion the contention is not tenable. Although it is true that matters in mitigation of damages must ordinarily be pleaded and proved in the trial of the case, [25 C. J. S. *Damages* §142, p. 780 (1941)], as stated in the majority opinion, the facts here do not bring the case within that rule. The issue before us is not one of mitigation of damages. We are not here concerned with the conduct of either party as it is related to the cause of the injury, the extent of the damages sustained, or the fact of the appellee's right of action against appellant for such injury and damages, or similar issues which may be proved in mitigation of damages. Rather, we are here concerned with a statutory limitation upon the amount recoverable, which limitation exists not by reason of any facts related to the cause of action, but by operation of law wholly independent of the merits of the action.

Therefore, in my opinion, the fact of insurance was not an issue which appellant was required to inject into the action. Rather it was proper to raise the issue at the conclusion of the trial after it was determined for the first time that because of the amount of the verdict the statutory limitation of the "insurance act" had an operational effect in the case. The issue of law thus presented, regarding which there is vigorous contention, was an issue solely for the court. Under these circumstances there was no reason to present the issue prior to the verdict in the case.

Since §39-1819, *supra*, does not provide the procedure by which the statutory limitation upon the liability of a municipality is to be asserted, I see no

reason why the procedure adopted by the appellant should not be approved.

Bobbitt, J., concurs.

NOTE.—Reported in 183 N. E. 2d 815.

